THOMAS, Justice.
The appellant brought a suit against the Comptroller and the sheriff of Orange County to enjoin the collection by the sheriff of sales taxes upon warrant issued by the Comptroller.
The appellant furnishes supplies and materials for the improvement or repair of real property, so he alleged in his complaint, upon a “cost plus” basis or guaranteed price, and since he has paid all taxes on all materials purchased to fulfill the contracts made with his customers, he resists the collection of additional taxes on the theory that he is the “ultimate consumer” of the materials.
The stipulation of the parties and the report of the general master make it possible for us to relate concisely the salient facts.
The appellant operates an iron works and the transactions, to which he is a party, involved in this litigation are of two kinds: He manufactures a product, according to the customer’s specifications for a specific sum and (a) delivers it to the customer at appellant’s place of business, or (b) installs or attaches it to the property of the customer. The cost of the articles may be determined in three ways: by agreeing on the amount, by charging on a “cost plus” basis, or by guaranteeing an “up-set” price which may not be exceeded. The products manufactured are not for sale in appellant’s place of business but are custom-made and usually the price includes cost of installation.
The plaintiff claims that his transactions are governed by paragraphs (a), (b) and (c) of Comptroller’s Rule 51, promulgated under Sec. 212.18(2), Florida Statutes 1951, and F.S.A., which with the introduction follow:
“Where contractors or sub-contractors perform contracts in connection with the repair, alteration, improvement and construction of real property, and contracts covering a combination of work on both real and personal property, it is necessary to determine the method adopted by such contractors, or sub-contractors in arriving at the total contract price charged to their customers in the fulfillment of their contracts, for the purpose of ascertaining whether the receipts from sales made to or by them are taxable.
“Such contractors may include among others, building, electrical, plumbing, heating, painting, decorating, ventilating, paper hanging, sheet metal, bridge, road, landscape or roofing contractors and they may use one or more of the following methods in arriving at the total contract price:
“(a) Those contracts in which the contractor or subcontractor agrees to *831 furnish the materials and supplies and necessary services for a lump sum;
“(b) Those contracts in which the contractor or subcontractor agrees to furnish the materials and supplies and necessary services on a cost-plus 'basis;
“(c) Those contracts in which the contractor or subcontractor agrees to furnish the materials and supplies and necessary services with an upset or guaranteed price which may not be exceeded ; * *
In the act, a dealer is defined as a person “who manufactures or produces tangible personal property for sale at retail, for use, consumption or distribution * * Sec. 212.06(2), Florida Statutes 1951, and F.S.A. It seems to us that the definition is a fair description of appellant in the operations here involved. The rule we have quoted applies to contractors and subcontractors “in connection with the repair, alteration, improvement and construction of real property” and in three paragraphs following the introduction there are references to ‘contract’.
The last paragraph of Rule 51, which follows the ones we have quoted and five intervening paragraphs, makes clear the inapplicability of the whole rule to the appellant’s dealings. It specifically eliminates contracts under which the contractor “acts as a dealer selling tangible personal property” or “is required to install a complete unit * * *.” Illustrations are then given that fit the operations of the appellant. We are inclined to the idea that the pivotal words making the rule unavailable to the appellant are the ones “complete unit.” So if the appellant produces a piece of grill work to order and installs it, he is liable for a sales tax on the retail price to his customer including the charge of installation, unless he separates the installation charge from the cost of the unit, in which case he pays the tax only on the latter. Comptroller’s Rule 16. This accords with the administrative ruling which is of considerable persuasive force, State ex rel. Fronton Exhibition Co. v. Stein, 144 Fla. 387, 198 So. 82, as well as the finding of the master and the decision of the chancellor.
The appellant was a “dealer,” as we have already said, he was not a consumer; the consumer was the one to whom he sold the completed product.
The interpretation of the chancellor was cairrect and his decree is affirmed.
DREW, C. J., and ROBERTS and THORNAL, JJ., concur.