O’CONNELL, Justice.
Reed Construction Company, appellee here and plaintiff below, filed a complaint in the Circuit Court for Dade County seeking to enjoin the appellants, defendants below, Comptroller of the State of Florida and Sheriff of Dade County, from enforcing an assessment for uiipaid sales tax. Plaintiff asked that the assessment be reviewed and voided. The causk came on for final hearing on the pleadiiigs and affidavits and the court entered its final decree in favor of the plaintiff, voiding the assessment. Defendants appeal from such decree.
Plaintiff is a contractor. It manufactures or prefabricates concrete pilings to be used in foundations in various construction operations. These pilings are stored in its warehouse and are then utilized in performing foundation construction contracts. The pilings are invoiced to plaintiff’s customers on the basis of a specified number of pilings of certain sizes and lengths together with installation costs at a lump sum price. The State Comptroller assessed a sales tax on the sale of these prefabricated pilings, such assessment being on the basis of the cost price of each item with credit being given for all taxes paid on materials used in the manufacture thereof.
In its final decree, the lower court held that the sales tax statute, Ch. 212, Fla. Stats.1955, F.S.A., was not applicable in that since it did not expressly tax plaintiff’s type operations, or was at least not clear and was ambiguous, the taxability of the pilings was in doubt. The court then cited controlling authority that where there is doubt under the statute, such doubt as to taxability of an item must be construed in favor of the taxpayer. The court said:
“It seems sufficient to say that the persons charged with the administration of the sales tax act * * * have placed a strained and unreasonable construction on the act as a basis of applying it to finished articles supplied and included by the contractor in a complicated overall construction contract of the type in question.”
The lower court, then, in effect, felt the transaction involved not the manufacture of personal property for sale or consumption but an unseverable element of a contract for construction or improvement to realty and that therefore plaintiff was not subject to the tax.
We believe the plaintiff comes under the terms defined in Ch. 212, Fla.Stats.1955, *636 F.S.A. It is a dealer because it manufactures or produces tangible personal property for sale at retail, for use, consumption or distribution, or for storage to be used or consumed in this State. F.S. § 212.06(2) (a), F.S.A. A sale is defined as any transfer of title or possession in any manner whatsoever of tangible personal property for consideration. Sec. 212.02(2). Here the pilings are invoiced on a certain basis plus installation costs at a lump sum price. This transfer of possession is a retail sale in accordance with Sec. 212.02(3) (a) which defines such as a sale to a consumer or to any person for any purpose other than for resale. The pilings, of course, are tangible personal property in that they may be seen, weighed, measured, felt or touched, as required by Sec. 212.02 (12).
As admitted by the chancellor in his final decree, these articles became finished articles before they were attached to the realty. As such they were subject to taxation as personal property. Sec. 212.02(3) (a) describes a retail sale as one where the sale was for any purpose, other than for resale. This Court has held that other items of personal property going into the construction of buildings for private enterprise were subject to the taxation. Gay v. Jemison, Fla.1951, 52 So.2d 137.
It is noted that the plaintiff, in its brief, points out that it pays to various suppliers a sales tax on other items of personal property going into the construction of its various projects, since it is the ultimate consumer. These items were manufactured or processed by someone else, but were subject to taxation. The pilings are manufactured by the plaintiff and sold to others. They too are subj ect to taxation and should not escape such simply because plaintiff itself manufactures them and then uses them in its construction contracts. The Comptroller, in his assessment, gave plaintiff credit for sales taxes paid on items purchased by plaintiff going into the prefabrication of the pilings.
We feel that our recent decision in the case of Harvey v. Green, Fla. 1956, 85 So.2d 829, is controlling. There the plaintiff was engaged in furnishing supplies and materials for the improvement or repair of real property. It manufactured to specifications iron grill work which it either delivered to the customer at the manufacturer’s place of business or installed or attached to the property of the customer. This Court held that the plaintiff there was liable for a sales tax on the retail price to his customer. Furthermore, this Court held that where that sales price included the cost of installation and was for one lump sum, the tax was to be based on the lump sum.
We cannot distinguish the above case from the instant case. In each the party is a dealer, involved in making a retail sale of an item of tangible personal property. In each, it is immaterial that such property is produced for the improvement or construction of real property. The items are tangible personal property and hence the retail sale of such is subject to the sales tax as provided for under Ch. 212, Fla.Stats. 1955, F.S.A.
The decree appealed from is reversed with directions to enter a decree for the appellants-defendants in conformance with this opinion.
DREW, C. J., and THOMAS and ROBERTS, JJ., concur.