106 So.2d 4 (1958)
John P. SULLIVAN, Petitioner,
v.
Nathan MAYO, Commissioner of Agriculture, and Florida Industrial Commission, Respondents.
No. A-360.
District Court of Appeal of Florida. First District.
October 28, 1958.
*5 W.J. Oven, Jr., Tallahassee, for petitioner.
Keen, O'Kelley & Spitz and Burnis T. Coleman, Tallahassee, for respondents.
DREW, E. HARRIS, Associate Judge.
This cause is before the Court on petition for writ of certiorari to review an order of the Florida Industrial Commission reversing an order of its deputy by which the claimant Sullivan, petitioner in this Court, was awarded a lump sum settlement of his claim under the Workmen's Compensation Law, F.S. § 440.20(10), F.S.A.
In December, 1955, the petitioner sustained a compensable injury which resulted in permanent total disability (paraplegia with complete paralysis of lower extremities from a point above the waist), for which he was awarded and has continuously received weekly compensation in the amount of $35. Petition for lump sum settlement under the above cited provision was filed in May, 1957, based upon petitioner's need for funds to construct a home adapted to his disability; to launch a home business venture which can be operated by petitioner's family; to purchase an automobile designed to be operated by a paraplegic; and to develop certain realty presently owned by petitioner so that it would in the future provide income more adequate than compensation payments for family support.
For reasons hereinafter set forth it will be unnecessary to review in detail the evidence before the deputy. In his attack upon the Commission's order the petitioner relies heavily upon the substantial evidence rule  that a reviewing body should not substitute its judgment for that of the trial forum unless there is no competent substantial evidence to sustain its findings.
This argument is, however, inapplicable in the situation at bar. The cases applying that rule to findings of a deputy commissioner in workmen's compensation proceedings are squarely predicated on the fact that in the determination of compensation claims the law itself makes the deputy the trier of facts and charges him with the duty of deciding the issues and entering an order accordingly. F.S. § 440.25, F.S.A. *6 United States Casualty Co. v. Maryland Casualty Co., Fla., 55 So.2d 741. In the case of a petition for lump sum payment, however, dealing only with the manner of payment as opposed to claimant's right to compensation, the statute provides that lump sum payment shall be made "whenever the commission determines that it is for the best interests of a person entitled to compensation." F.S. § 440.20(10), F.S.A. The reasoning in the case of Tamiami Trail Tours v. Carter, Fla., 80 So.2d 322, is therefore controlling. Although the Commission possesses the authority to delegate to a duly authorized representative or subordinate agent the duty of conducting a hearing and making recommendations on such issues under such reasonable rules and regulations as it may promulgate, the commission nevertheless functions in this proceeding not as an appellate forum, but as a body vested under the law with the primary duty and power to determine the issues de novo. The order entered by the deputy in the premises therefore carried no presumptions of correctness since he was not, under the statute, charged with the duty of deciding these issues.
We find also that the statutory provision for review of the Commission's orders relates only to "compensation orders," providing specifically for certiorari proceedings in the district courts of appeal to review "orders of the full commission entered pursuant to § 440.25." F.S. § 440.27(1), F.S.A. Plainly this does not include the order under consideration. We, therefore, treat the petition as one for review by certiorari under Sec. 5(3) of Article V of the Florida Constitution, F.S.A., vesting this Court with jurisdiction to "issue writs of * * * certiorari". Also see Rule 4.1, Florida Appellate Rules, 31 F.S.A. as amended July 1, 1958. In so doing it is pertinent to observe, before proceeding further, that the scope of review is limited to a determination of whether the commission, in the disposition of the cause, materially departed from or failed to observe essential requirements of the law. Florida Jurisprudence, Vol. 5, page 514, para. 24 and the cases there cited.
The mandate of the statute here involved is simply that the commission determine whether or not it is to the best interest of the claimant to have his compensation paid in a lump sum. Sec. 440.20 (10), supra. This, the commission is mandatorily required to do. The commission in this case, however, made no specific finding on this point, the material portions of the order being as follows:
"We arrive now at the question of whether or not the Deputy Commissioner erred in awarding the claimant a lump sum payment of 1,414 weeks' compensation. According to the American Experience Table of Mortality, the normal life expectancy of a man the age of 39 is 28.9 years. No satisfactory evidence has been adduced stating, with any probability, the life expectancy of a paraplegic. We can readily understand the insurance carrier's objection to being ordered to advance approximately $50,000.00 to an injured claimant who may expire long before said amount would have been payable to him in the usual manner as provided by law. * * * We are of the firm conviction that no advance payments of compensation should be made with respect to permanent total disability cases, which by the 1955 amendment are now made compensable for the duration of the disability, unless such payments are made for a reasonable definite amount regarding the specific and proper present needs of the claimant. * * *
"The very purpose of workmen's compensation benefits is to insure that society will not be charged with the care of an individual injured by an industrial accident. This purpose is defeated in the event a lump sum payment is authorized and then, because of adverse economic conditions or some other unforseeable event, the monies *7 derived from the lump sum payment are dissipated. In the instant cause, Mr. Sullivan has been adequately protected by society. He has no medical expenses whatsoever to pay in connection with any remedial treatment he may require as a result of the injury. He has been advanced a lump sum payment by the State of Florida of monies in the amount of $10,000, plus $50 a month until his youngest child reaches the age of 18 years. We are of the opinion that it would be most inequitable to require an insurance carrier, under the facts as presented to us here, to advance approximately $50,000 as a lump sum payment."
We cannot agree that the cited language amounts even in substance to a finding that it would or would not be to petitioner's best interests to have his compensation paid in a lump sum. The order indicates, instead, that other factors were deemed controlling in the disposition of the petition.
The respondents urge, in the alternative, that the statute does not authorize lump sum payments for total permanent disability. The commission in its order, however, apparently concludes, after a thorough and exhaustive treatment of the legislative history of the provisions in question, that lump sum payments for total permanent disability could be made "for a reasonable, definite amount regarding the specific and proper present needs of the claimant." But the legislative enactment which removed limitations on the duration of payments for total permanent disability, Ch. 29803, Laws of Florida 1955, F.S.A. § 440.15(1), did not purport to alter the existing provisions, which on their face permitted lump sum payments for total permanent disability, and such a result should not be implied in the absence of some legislative expression on the point. The language in Section 440.20(10) by which the probability of death before expiration of the compensation period may reduce a lump sum payment does not require that the applicability of the entire provision be limited to situations where compensation is payable for specified periods rather than for the duration of claimant's life.
It should be emphasized that this opinion is confined solely to an interpretation of F.S. § 440.20(10), F.S.A., and shall not be construed to be generally applicable to the power of the commission under other sections of the Act to either perform or delegate to its subordinate agents or other duly authorized representatives the performance of functions required of it.
The commission properly concluded that F.S. § 440.34, F.S.A., relative to allowance of attorney's fees, is by its literal terms applicable only to proceedings in which a carrier contests "payment of compensation" as opposed to manner of payment, and its rationale would not nor should it impose such additional burden upon a carrier in this proceeding.
Because, in failing to make a specific finding as to whether or not it would be to the best interest of the petitioner to have his compensation paid in a lump sum, the commission departed from and failed to observe an essential requirement of the statute, certiorari is granted, the questioned order insofar as it is in conflict herewith is quashed and the commission is hereby directed to determine in accordance with F.S. § 440.20(10), F.S.A., whether it is or is not for the best interests of petitioner that his compensation be paid in a lump sum.
STURGIS, C.J., and CARROLL, DONALD, J., concur.