HORTON, Judge.
The petitioner, a former garage employee of the City of Miami, was injured in the course of his employment, on January 27, 1953. On March 30, 1956, the deputy commissioner entered a compensation order based upon a stipulation of the parties that petitioner had reached maximum medical improvement on May 3, 1955, and that as a result of his injuries, had suffered a 20% permanent partial disability of the body as a whole.
Pursuant to § 440.28, Fla.Stat., F.S.A., a petition for modification of the order of March 30, 1956, was filed by the petitioner on August 7, 1957, urging that there had been a mistake in a determination of fact and a change in condition. Hearings were had before the deputy commissioner upon *691 the petition for modification, and, on January 27, 1958, the deputy entered an order finding that there had been a mistake in a determination of fact in the order of March 30, 1956, as follows: (1) that the date of maximum recovery (May 3, 1955) was erroneous, and (2) that the rating of 20% permanent partial disability of the body as a whole was erroneous. The order further found that the petitioner needed additional medical treatment and that he was entitled to a rating of temporary total disability. The employer, City of Miami, applied to the full commission for a review of the order of January 27, 1958, upon the principal ground that there was no competent substantial evidence to sustain the deputy’s findings that there had been a mistake in a determination of fact in the order of March 30, 1956. Upon review, the full commission sustained the position of the employer, City of Miami, and referred specifically to the stipulation between the petitioner and the employer based upon the reports of three doctors that the petitioner, by reason of his injuries, had sustained a 20% permanent partial disability of the body as a whole. This stipulation, in turn, was the basis of the deputy commissioner’s order of March 30, 1956.
The petitioner has now sought review of the order of the full commission by petition for certiorari to this court. In support of his petition, the petitioner urges that the findings of fact contained in the deputy’s order of January 27, 1958, are supported by competent substantial evidence and that the full commission was in error in setting aside the deputy’s order. The burden of the petitioner’s argument is that ever since his accident, he has been unable to work or engage in gainful employment; that he has been and is temporarily and totally disabled. This former contention, it is urged, is supported by competent substantial evidence in the record to the effect that the petitioner has sought, through the rehabilitation service and other agencies, to obtain gainful employment and has been unsuccessful. It is further argued that the physician, who appeared at the hearing at the instance of the deputy commissioner, testified that the petitioner was in need of a fasciotomy, which operation would help petitioner and reduce his disability.
The respondents naturally take a different view and urge principally that there was no competent substantial evidence to show that the permanent partial disability rating of 20% of the body as a whole had changed or that any factors were overlooked in evaluating petitioner’s permanent disability as reflected by the deputy’s order of March 30, 1956.
We have carefully examined the record in this cause, and particularly the testimony of Dr. Glenn, who was called at the instance of the deputy commissioner to testify regarding the petitioner’s condition at that time, and we are persuaded to the view that the full commission’s order should be affirmed. It is true that Dr. Glenn testified that another operation (fasciotomy) would’ improve the petitioner’s condition provided, of course, that the petitioner would co-operate, but nowhere have we been able to find any evidence of a mistake in a determination of fact, to-wit: the petitioner’s permanent disability rating or any change in condition.
When the deputy’s order of March 30, 1956, was entered, the petitioner had not, since his injuries, pursued any gainful employment and that circumstance continued up to and including the time of the hearing on the petition for modification. Obviously, the continued lack of gainful employment did not represent a change in condition.
It is only by virtue of the statute (§ 440.28, Fla.Stat., F.S.A.) that the deputy commissioner is authorized or empowered to entertain petitions for modification of compensation orders that have, by lapse of time, become final, and then only under two specific conditions, viz.: (1) change in condition, and (2) mistake in de *692 termination of fact. See McDonough v. Versailles Hotel, Fla.1952, 57 So.2d 16. A petition for modification, under the statute, cannot be used solely to obtain a new award, or as a vehicle to review an award that is in all respects final. Hall v. Seaboard Maritime Corporation, Fla.App.1958, 104 So.2d 384, 387.
Accordingly, the petition for certiorari ie denied.
CARROLL, CHAS., C. J., concurs.
PEARSON, J., dissents.