121 So.2d 424 (1960)
John P. SULLIVAN, Petitioner,
v.
Nathan MAYO, Commissioner of Agriculture, United States Fidelity and Guaranty Company, and Florida Industrial Commission, Respondents.
Nathan MAYO, As Commissioner of Agriculture, of the State of Florida, and United States Fidelity and Guaranty Company, a Corporation, Petitioners,
v.
John P. SULLIVAN and Florida Industrial Commission, Respondents.
Supreme Court of Florida.
June 17, 1960.
*426 W.J. Oven, Jr., and Caldwell, Parker, Foster, Madigan, Oven & Moriarty, Tallahassee, for John P. Sullivan, petitioner-respondent.
Keen O'Kelley & Spitz, A. Frank O'Kelley, H.O. Pemberton, Burnis T. Coleman and Paul E. Speh, Tallahassee, for respondents-petitioners.
THORNAL, Justice.
By two petitions for certiorari we are requested to review an order of the Florida Industrial Commission approving a lump sum advance payment of workmen's compensation benefits to petitioner Sullivan, subject to conditions requiring security to the insurance carrier.
We are called upon to determine whether the statute applicable to this particular case authorizes the lump sum advance payment and permits the Industrial Commission to require security from the employee to the carrier as a condition to the award.
An earlier order regarding this settlement was before the District Court of Appeal, First District. Sullivan v. Mayo et al., 106 So.2d 4. In order to eliminate potential confusion as to jurisdiction we note at the outset that the order presently under consideration was an entirely different order from the one formerly considered by the Court of Appeal. When the former order was entered the Court of Appeal had jurisdiction to review the same under Section 5(3), Article V, Florida Constitution, F.S.A., which authorizes those courts to "issue writs of * * * certiorari." Sullivan v. Mayo, supra. Since the Court of Appeal decision last mentioned, *427 the Florida Legislature has enacted Chapter 59-422, Laws of Florida 1959, F.S.A. § 440.20(10). This section provides that applications for lump sum settlements shall be considered and determined in accordance with Sections 440.25 and 440.27, Florida Statutes, F.S.A. Chapter 59-422, supra, took effect July 1, 1959. The order of the full Industrial Commission now submitted for review was entered February 5, 1960, and the order of the deputy commissioner now involved was entered August 13, 1959. Section 440.27, Florida Statutes, F.S.A., which is referred to in Chapter 59-422, supra, conveys to this Court appellate jurisdiction over workmen's compensation orders. Consequently, the 1959 statute governing lump sum settlement orders similarly conveys jurisdiction to this Court to review those orders even though they are not technically workmen's compensation orders. We interpolate that the forum in which a review may be obtained is a procedural matter and not a substantive right. As we shall see, Chapter 59-422, supra, could not affect substantive rights of the parties involved because it was enacted long after the date of the injury. However, the matter of the review forum is not substantive but rather procedural and is, therefore, governed by the 1959 act.
We now recur to a brief history and factual background of the instant matter. Mr. Sullivan was injured in the course of his employment on December 23, 1955. Reference to Sullivan v. Mayo, 106 So.2d 4, will reveal that in May 1957, he filed a petition for a lump sum settlement of his weekly compensation. After an extensive hearing the deputy commissioner on October 16, 1957, concluded that Mr. Sullivan, a paraplegic as a result of the industrial accident, had a life expectancy of 27.19 years. He also decided that it was to the best interest of the employee to award the lump sum settlement which would be the commuted value of his compensation for a period of 1,414 weeks. Upon review the full commission concluded that the lump sum settlement provisions of the Workmen's Compensation Act were not intended to apply to cases of permanent total disability and that it would be inapplicable to the requested settlement in the instant case. On appeal the district court of appeal, Sullivan v. Mayo, supra, reversed. That court correctly held that the Florida Workmen's Compensation Act contained no restriction against awarding a lump sum settlement when all future payments were properly commuted to present value even though it covered the life expectancy of one permanently and totally disabled. The court of appeal also held that the full commission was the agency to determine whether or not it was to the best interest of a claimant to have his compensation paid in lump sum. This ruling was made pursuant to the provisions of Chapter 29778, Laws of Florida 1955, which took effect July 1, 1955, prior to Mr. Sullivan's injury. The cause was remanded to the full commission for further proceedings consistent with the opinion of the court of appeal.
Upon remand, the full commission reconsidered the record and decided that it failed to sustain a conclusion that it would be to the best interest of Mr. Sullivan to award a lump sum settlement. It ordered that the petition for such settlement be dismissed.
After the entry of the order of the full commission upon the remand, Mr. Sullivan filed a further petition for a lump sum settlement setting out additional factors which he deemed sufficient to meet the original objections of the full commission. This further petition was filed March 4, 1959. Supporting evidence was heard by the deputy commissioner May 6, 1959. On August 13, 1959, the deputy commissioner entered an order by which he found that "at the date of the previous hearing, he (Sullivan) had a life expectancy of at least 19 years." The deputy concluded that it would benefit the claimant to grant him lump sum "payment" in an amount sufficient to retire two outstanding mortgages. He ordered the carrier to pay the claimant the sum of $18,000 "which shall be applied *428 against the compensation to be due the claimant as hereinafter set out" and which was directed to be used to retire two mortgages and pay an attorney's fee. The deputy further ordered "that a sum which, when reduced by the statutory discount, would equal the payment heretofore ordered shall be counted as payment of the appropriate number of the claimant's consecutive compensation payments for a period ending August 13, 1975; and nothing herein shall be construed to affect claimant's rights to payments subsequent to that date * * *" As mentioned above, the order of the deputy was entered August 13, 1959. By his order he concluded that the rights of the parties were governed by Florida Statutes then in force. The deputy obviously concluded that the rights of the parties, both substantive and procedural should be governed by Chapter 59-422, Laws of Florida 1959, which took effect July 1, 1959. We will mention this holding hereafter as we discuss the law applicable to the instant ruling. The last order of the deputy was reviewed by the full commission which, on February 5, 1960, affirmed the finding of benefit to the claimant and the award of $18,000 in advance payment. It modified the order of the deputy by adding a condition that the carrier shall receive as security for the advance payment of compensation either an assignment of the existing mortgages which were to be paid off, or be given a new mortgage in the amount of $18,000 without interest, and with a provision that the mortgage note be reduced by $35.00 per week. None of the parties is satisfied with the ultimate order. The claimant asks us to quash that aspect of the order which requires security. The carrier and employer ask us to quash that aspect of the order awarding advance payment. We proceed to consider the various contentions.
The claimant Sullivan contends that there is no provision in the Compensation Act authorizing a requirement of security to the carrier when a lump sum award is made to an employee.
The carrier and employer contend that under the statute applicable when Mr. Sullivan was injured, there was no provision for an advance payment of part of the compensation as distinguished from a commuted lump sum payment of the entire amount to come due with resulting total discharge of the carrier.
We will first dispose of the problem of the statute applicable. It is well established in Florida that the substantive rights of the respective parties under the Workmen's Compensation Law are fixed as of the time of the injury to the employee. This is so because the acceptance of the provisions of the Workmen's Compensation Law by the employer, the employee, and the insurance carrier constitutes a contract between the parties which embraces the provisions of the law as of the time of the injury. Consequently, a subsequent enactment could not impair the substantive rights of the parties established by this contractual relationship. Hardware Mutual Casualty Co. v. Carlton, 151 Fla. 238, 9 So.2d 359; Great American Indemnity Co. v. Smith, 156 Fla. 662, 24 So.2d 42; Fidelity & Casualty Co. of New York v. Bedingfield, Fla. 1952, 60 So.2d 489; Fink v. Kink, Fla. 1953, 64 So.2d 770; Phillips v. City of West Palm Beach, Fla. 1954, 70 So.2d 345; Hecht v. Parkinson, Fla. 1954, 70 So.2d 505. Applying the rule of the cited cases to the situation before us we are compelled to hold that the deputy commissioner at the outset and the full commission in its order affirming him, committed error in concluding that the substantive rights of these parties, insofar as advance payments of compensation were concerned, were governed by the 1959 statute which took effect July 1, 1959. We again interpolate that the procedural aspects of the matter are governed by the 1959 act as pointed out above. The substantive rights are governed by the law in force when the injury occurred on December 23, 1955, and that would be Chapter 29778, Laws of Florida 1955.
*429 Section 5, Chapter 29778, Laws of Florida, supra, reads as follows:
"Section 5. Subsection (10) of Section 440.20, Florida Statutes, 1953, is amended to read:
"440.20 Payment of Compensation 
"(10) Whenever the Commission determines that it is for the best interests of a person entitled to compensation, the liability of the employer for such compensation shall be discharged by the payment of a lump sum equal to the present value of all future payments of compensation computed at four per cent true discount compounded annually. The probability of the death of the injured employee or other person entitled to compensation before the expiration of the period during which he is entitled to compensation shall in the absence of special circumstances making such course improper be determined in accordance with the American experience table of mortality. The probability of the happening of any other contingency affecting the amount of duration of the compensation except the possibility of the remarriage of a widow shall be disregarded. As a condition of approving a lump sum payment to a widow the Commission in its discretion may require security which will insure that in the event of the remarriage of such widow any unaccrued future payments so paid may be recovered or recouped by the employer or carrier."
It is perfectly clear from an examination of the quoted statute that it does not authorize an advance payment of a portion of the weekly payments which are expected to become due eventually under the compensation order. The quoted statute authorizes the commission to determine whether it is for the best interest of an employee to receive the commuted lump sum equivalent of all future payments of compensation. In the event that the Commission so determines, it is then authorized to direct payment of the present value of all future payments of compensation computed at 4% true discount compounded annually. Upon the payment of this sum the liability of the employer for all compensation is discharged. There was no provision in the statute governing the instant claim for the advance payment of a part of the compensation payments due with a reservoir of liability on the part of the employer remaining and potentially payable after the payment of the lump sum.
One reason that Chapter 59-422, Laws of Florida, 1959, could not be made applicable in the instant case is because under the provisions of that act the potential liability of the employer and carrier was substantially increased. This is so because under the former statute which governs this case the award of a lump sum settlement was on the basis of the commuted value of the entire claim and a resulting complete discharge to the employer and carrier. Under the 1959 act the Commission, on the recommendation of a deputy, may authorize advanced payments in lump sum of an estimated "part" of the compensation to come due leaving a residuum of potential liability to be enforced against the carrier at the end of the time covered by the advanced payment. The Florida Industrial Commission itself has recognized the effect of these additional provisions in the 1959 statute by its amendment to its own Rule No. 16, promulgated July 14, 1959, which amended rule purports to deal with so-called "advanced payments" in one category and complete discharge by commutation of all future payments in another category. State ex rel. Woodward v. Lee, 114 Fla. 855, 155 So. 138, 142; Harvey v. Green, Fla., 85 So.2d 829; Florida Industrial Commission v. Manpower, Inc., Fla., 91 So.2d 197.
The deputy commissioner, and ultimately the full commission, erroneously relied on the 1959 statute in entering the order under assault. The Commission should have relied upon Section 5, Chapter 29778, *430 Laws of 1955, as the basis of its authority to enter the order in the instant matter. The 1955 statute could have authorized advance payment of a part of the payments to come due but it didn't. Smith & Son Drilling Co. v. Cox, 162 Okla. 301, 21 P.2d 496; Shrine Drilling Co. v. Price, 164 Okla. 64, 22 P.2d 1010. In sum, under the applicable 1955 statute, it is the responsibility of the full commission to make the determination as to whether it is to the best interest of the claimant to be granted the lump sum settlement, Sullivan v. Mayo, supra. Then if it so determines, it must provide for the commutation of all future payments of compensation that would accrue during the life expectancy of the permanently disabled employee. These payments must be reduced to their present value and upon payment of the commuted figure the employer and his carrier should stand discharged from liability for any further installments of compensation.
It should be remembered that the fundamental purpose of workmen's compensation is to relieve society of the burden of caring for an injured employee by placing the burden on the industry involved. The widely accepted policy is to pay the allowed compensation for an industrial injury in installments. This policy is motivated by an objective to avoid the possibility of placing large sums of money at the disposal of one, who is most often inexperienced in the intricacies of modern business, and of exposing him to the dangers of the unwise investments or profligate expenditures. Schneider, Workmen's Compensation, Vol. 8, Sec. 1790, et seq.; Hannold on Workmen's Compensation, Vol. 1, Sec. 179 et seq.
Our examination of the applicable statute leads us also to the conclusion that there is no authority for the Commission to require security in favor of the carrier, except in those cases where it approves a lump sum payment to a widow. In the latter event, the Commission is authorized to require security for the re-payment to the carrier of any unearned lump sum payments in the event of the remarriage of the widow. In a situation involving an employee, however, the applicable statute, Chapter 29778, supra, merely authorizes the Commission to decide on the advisability of approving the lump sum settlement of all future payments, and the discharge of the carrier upon making the payment. Under this statute the consideration moving to the carrier and the employer is a complete discharge from all potential future liability for compensation payments. If the Legislature had intended to authorize a requirement of security in the situation involving the employee it could have so provided as it has so clearly provided in the case of a widow. We think the specific inclusion of the provision with reference to the latter evidences a clear legislative intent to exclude the provision with regard to the former. Inclusio unius est exclusio alterius.
The prayers of the petition in both of the cases styled above are hereby granted. In each instance, the writ is issued and the order of the Florida Industrial Commission is quashed. This matter is remanded to the respondent Florida Industrial Commission for further proceedings consistent herewith.
It is so ordered.
THOMAS, C.J., and TERRELL, ROBERTS and DREW, JJ., concur.