WIGGINTON, Judge.
This appeal is from a final decree entered by the Circuit Court of Leon County in a proceeding brought by appellant to review a determination made by the State Revenue Commission with respect to appellant’s liability for payment of state sales taxes on personal property fabricated, furnished and supplied to it under contract with another. It is contended that the chancellor placed an erroneous construction upon the statutes which impose a sales tax *510 on the sale of tangible personal property-in Florida, and the rules and regulations promulgated and adopted by the Comptroller of Florida implementing the statutes relating to the levy and collection of sales tax in this state.
Appellant contracted with a corporation known as Atlas Metal Industries, Inc., whereby the latter agreed in writing to fabricate, furnish, supply, and install in the building owned by appellant items of personal property consisting of shelving, furniture, equipment, and appliances, and to furnish the labor needed in relocating certain designated stoves, sinks, steamers, refrigerators, and soda fountains, all in accordance with plans and specifications furnished by appellant and in conformity with shop drawings to be prepared by Atlas. The contract price was the lump sum of $91,883.94, over ninety per cent of which represented agreed itemized charges for fabricating, furnishing, and installing tangible personal property, and less than ten per cent of which represented charges for labor to be used in relocating certain of the kitchen appliances and equipment. The contract was silent with respect to whether Atlas or appellant was obligated to pay the sales tax on the items of tangible personal property included in the contract. Approximately one-third of the agreed contract price was paid Atlas upon the execution of the agreement, and the remainder was paid in periodic payments based upon the value of the work done and equipment furnished during the progressive stages of performance under the contract, there being withheld from each successive payment ten per cent thereof to be paid within thirty days from final completion of the contract. It was not until performance of the contract was completed by Atlas that the question of liability for payment of the sales tax arose between the parties. After an examination and hearing the State Revenue Commission made a finding that appellant was liable for payment of sales tax on that portion of the contract price which represented charges made for the furnishing, supplying, and installing of the tangible personal property described in the specifications forming a part of the contract, but not upon the charges made for the labor involved in relocating the kitchen appliances and equipment. Appellant instituted action in the Circuit Court of Leon County seeking a review of the findings and determination made by the Commission. It is from the adverse decree entered by the chancellor that this appeal is taken.
In the contract between appellant and Atlas the latter is described throughout as “materialman” and not as “contractor.” Although this fact is not of overriding importance, it is a factor which may be considered in determining the nature of the transaction entered into between appellant and Atlas.
The contract recites that appellant was desirous of making certain alterations, improvements, and additions to portions of the building comprising that club, and Atlas agreed to furnish and erect the alterations, improvements, and additions mentioned in the specifications identified by the contract upon appellant’s approval of the material-man’s shop drawings for the lump sum amount stated above. Under the contract appellant agreed to accept and purchase all of the materials fabricated, furnished, supplied, and installed by the materialman, and the materialman agreed that it would not furnish any labor or materials which are normally furnished by licensed plumbers, electricians, and refrigeration contractors.
In addition to the foregoing, the contract contained the following paragraph upon the terms of which the chancellor based his decree, to wit:
“G. It is understood and agreed that much of the work to be undertaken pursuant to these provisions will be specially fabricated by Atlas Metal Industries, Inc. for incorporation in the realty known as King’s Bay Yacht and Country Club, while at the same time, *511 the items to become incorporated therein could be removed therefrom. It is therefore agreed that all of the materials fabricated, furnished and provided by Atlas Metal Industries, Inc. to King’s Bay Yacht and Country Club shall be regarded as personal property as between the parties and for the purposes of this agreement until such time as the payments hereinabove provided shall be made in full. It is further understood that title to all materials which may hereinafter be installed upon said premises shall remain in Atlas Metal Industries, Inc. until such time as the full payment provided hereinabove in paragraph ‘E’ shall be made completely. Should it become necessary for the Materialman to employ counsel for the purpose of enforcing any of the provisions hereof, RING shall pay a reasonable attorney’s fee to materialman’s counsel.”
By his summary final decree the chancellor conceived the sole question presented for his decision to be “whether or not the furnishing to the plaintiff of certain materials and supplies pursuant to an agreement dated April 12, 1962 between the plaintiff and Atlas Metal Industries, Inc., * * * constitute taxable sales of tangible personal property pursuant to Chap. 212, F.S.”
The chancellor found that the form of the agreement entered into between appellant and Atlas is that of a building construction contract with appellant as owner and Atlas as contractor. He further found that except for the provisions which appear in paragraph G quoted above, the agreement would be a conventional contract for the improvement of real property for a lump sum which, under the provisions of Section 4A-1.51(1), (2), of the rules and regulations promulgated by the Comptroller pertaining to the sales and use taxes of Florida, would constitute the contractor (Atlas) as the ultimate consumer of the materials and supplies used in fulfilling the contract, thereby relieving appellant as owner of the obligation of paying a sales tax on such tangible personal property. The rule pertaining to the sales and use tax law which was in effect at the time the contract under consideration was executed, and which is referred to by the chancellor in his decree, is as follows:
“Rule 51 (Now Rule 4A-1.51 as amended) * * *
“(1) Where contractors or sub-contractors perform contracts in connection with the repair, alteration, improve ment and construction of real property, and contracts covering a combination of work on both real and personal property, it is necessary to determine the method adopted by such contractors, or sub-contractors in arriving at the total contract price charged to their customers in the fulfillment of their contracts, for the purpose of ascertaining whether the receipts from sales made to or by them are taxable.
“(2) Such contractors may include among others, building, electrical, plumbing, heating, painting, decorating, ventilating, paper hanging, sheet metal, bridge, road, landscape or roofing contractors and they may use one or more of the following methods in arriving at. the total contract price:
“(a) Those contracts in which the contractor or sub-contractor agrees to furnish materials and supplies and necessary services for a lump sum;
* * * # * *
“(d) Those contracts in which the contractor or sub-contractor agrees to sell materials and supplies at an agreed price or at the regular retail price and to complete the work either for an additional agreed price or on the basis of time consumed.
“When a contractor or sub-contractor uses materials and supplies in fulfilling either a lump sum contract, a cost-plus contract, a time and mate *512 rial contract with an upset or guaranteed price which may not be exeeded or any other kind of contract except one falling in class (d) above, he becomes the ultimate consumer thereof. The person or dealer who sells such materials and supplies to such contractor or ' sub-contractor is making ■sales at retail to him and is required to collect the tax from him based upon the receipt from such sales.
ijc ijc % ij* ‡
“(4) This rule is not applicable to contracts whereby the contractor or sub-contractor acts as a dealer selling tangible personal property in the same manner as other dealers and is required to install a complete unit of ■equipment. In such instances the contract will not be regarded as one for improving, altering or repairing real property. For example, the maker of an awning or blind agrees not only to ■sell it, but to hang it; an electrical shop ■sells electrical fixtures and agrees to install them. A person performing such contracts is primarily a retailer ■of tangible personal property and should segregate on his customer’s invoice the full retail selling price of such property from the charge for installation, as the tax applies only to the retail price of the property. If the retail selling price is not segregated on the customer’s invoice the sales tax applies to the entire contract price including the installation charge.”
The chancellor construed paragraph G of the contract quoted above to indicate a purpose on the part of the parties to regard the items of tangible personal property to be supplied in fulfilling the contract as not being immediately incorporated into and becoming an enhancement or improvement to the real property itself, but on the contrary would remain as removable personal property with title retained in the seller until paid for. The chancellor found that instead of the contract being one for improvement of real estate, that it constituted a conditional sale of tangible personal property which would retain that character until paid for. Based upon these findings and conclusions, the chancellor held appellant, and not Atlas, to be the ultimate consumer of the tangible personal property which was fabricated, furnished, and supplied by Atlas under the contract, and therefore liable for the payment of the sales tax under subparagraph (4) of Rule 4A-1.51 quoted above. The finding and determination of the State Revenue Commission, as modified in minor respects having no bearing on the question here presented, was approved and confirmed by the decree.
Appellant contends that the chancellor erred in his conclusion that the contract between it and Atlas was not a conventional construction contract for the repair, alteration, improvement, and construction of real property within the contemplation of Rule 4A-1.51(1), (2). Appellant takes the position that its contract is a conventional construction contract within the in-tentments of the foregoing rule and, therefore, it is Atlas, and not appellant, who is the ultimate consumer of the tangible personal property fabricated, furnished and supplied under the contract, and is liable for payment of the sales tax. Appellant reasons that most contracts for the repair, alteration, improvement, or construction of real property involve not only the supplying of labor and materials, but also customarily involve the furnishing and supplying of tangible personal property in the form of appliances and fixtures of the kind furnished and supplied in this case. Appellant urges that the recitals in the contract to the effect that the materials furnished and provided by Atlas shall be regarded as personal property as between the parties in which title is retained by Atlas until full payment is made, have no bearing upon the question of whether Atlas is a construction contractor within the meaning and intent of the rule fixing liability for payment of the tax in question.
*513 Conversely, appellees contend that the contract between appellant and Atlas is not the type of contract having as its primary purpose the repair, alteration, improvement, and construction of real property within the contemplation of subpara-graphs (1) and (2) of Rule 4A-1.51 under which the contractor is determined to he the ultimate consumer and liable for payment of the sales tax on items of tangible personal property furnished pursuant to the contract. In support of the chancellor’s decree appellees rely heavily upon those recitals of the contract by which the parties agreed that all of the tangible personal property fabricated, furnished, and supplied by Atlas under the contract would remain as personalty subject to removal and retained title until full payment under the contract was made. They argue that the quoted provisions of the contract constitute appellant as the ultimate consumer within the provisions of subparagraph (4) of the rule above quoted, and therefore liable for payment of the tax in dispute.
In support of their position appellees invite our attention to the case of Harvey v. Green[1] decided by the Supreme Court and involving a construction of Rule 4A-1.S1 involved herein. The tangible personal property in the Harvey case was an article of wrought iron manufactured in accordance with a customer’s specifications, sold for a specific lump sum, and either delivered to the customer or installed on real estate owned by him. In this case' it was held that a contract for the manufacture, sale, and installation of such items of personal property shall not be considered as a contract for the improvement, alteration, repair, or construction of real property, but rather a sale by a dealer to an ultimate consumer within the contemplation of subparagraph' (4) of Rule 4A-1.51.
Our study and consideration of the transaction between appellant and Atlas indicates that it had some but not all of the elements which would characterize it as a construction contract within the meaning of subparagraphs (1) and (2) of Rule 4A-1.51, and also contains some but not all of the elements which would characterize it as a transaction involving a sale of tangible personal property within the contemplation of subparagraph (4) of the above-mentioned rule. It is our view that contracts with an owner of real property by which another agrees to furnish all labor and materials needed in connection with the repair, alteration, improvement, or construction of real property, and in addition thereto agrees to manufacture, fabricate, furnish, supply, or install specified items of tangible personal property, should be subjected to the following test for the purpose of determining whether the contractor or the owner is liable for payment of the sales tax. If an examination of the contract establishes from a standpoint of the dollar value of the labor and materials to be furnished that it is primarily and predominantly for the purpose of repairing, altering, improving, or constructing real property, then the contractor should be held to be the ultimate consumer and subject to the payment of sales tax on any items of tangible personal property furnished and supplied by him as an incidental obligation of the contract under Rule 4A-1.51(1) (2) of the Commission. If on the other hand an examination of the agreement between the owner and contractor reveals from the dollar value of the tangible personal property to be manufactured, fabricated, supplied, furnished, and installed by the contractor that the contract is primarily one involving a sale of tangible personal property, then the owner shall be held to be the ultimate consumer obligated for the payment of sales tax under Rule 4A-1.51 (4) of the Commission, even though as an incident of the contract the contractor is required to furnish the labor and materials necessary to do a minor amount of repairs, alterations, improvements, or construction *514 on the real property in which the tangible personal property is to be located.
Our examination of the agreement involved in this case between appellant and Atlas convinces us that it falls within the category last above mentioned, and is primarily a contract for the fabricating, furnishing, and supplying of tangible personal property. This being the case, appellant must be held to be the ultimate consumer under the statute and rules of the Comptroller relating to the levy and collection of sales taxes in Florida. This being the conclusion reached by the chancellor, the decree appealed is affirmed.
STURGIS, C. J., and MURPHREE, JOHN A. H., Associate Judge, concur.

. Harvey v. Green, etc., et al. (Fla.1050) 85 So.2d 829.