ERVIN, Justice
(dissenting):
The claimant, Vernon Crews, a double amputee from an industrial accident, timely sought modification of prior compensation benefits awarded him on the basis of change of condition. He sought a lump sum award of $34,880.60 in lieu of continued installment compensation benefit payments for his permanent total disability. The justification for the lump sum was an evidentiary showing to the JIC’s satisfaction that claimant was now a licensed construction contractor and required the lump sum to get his contracting business under way and that such business was essential to claimant’s family needs and livelihood and his rehabilitation. Also sought and allowed claimant by the JIC was $1880 for attendant care from September 1, 1970 to August 21, 1971, inasmuch as there was an evidentiary showing that claimant’s wife was unable to any longer provide this care because of her illness and hospitalization. Also sought and allowed by the JIC was the sum of $30 per week for continuance of attendant care of claimant during his necessity therefor. Also allowed was payment of outstanding medical bills for treatment of claimant’s injury and authorization for further medical treatment.
On employer-carrier’s appeal to the Industrial Relations Commission it reversed for the following reasons:
“There was a previous petition for lump sum payment filed August 12, 1970. After the hearing in November, 1970, an Order was issued March 26, 1971, which provided medical expense and transportation, but denied the claim for lump sum payment. Thereafter, petition for lump sum was filed August 6, 1971, and the same was combined with a prior petition which finally resulted in the entry of the Order now on review.
“Considering the points on appeal, as they were presented, we must reverse the Judge as to Point I for the reason that the Judge does not state in his Order, whether the proceedings were for the *489 purpose of modifying a prior Order. The previous petition for a lump sum settlement having been denied, the present Order on review should specify whether or not it is based on a change in condition or a mistake of fact, as required by Sheets v. City of Miami, 111 So.2d 690 (Fla. [App.] 1959).
“As to Point II, the Judge was in error because he failed to find any change of condition or mistake of fact subsequent to the prior Order denying lump sum payment. Such prior Order became final, therefore, it was res judicata and there was no authority for the issuance of the Order here on review, except pursuant to the provisions of Section 440.28, Florida Statutes, F.S.A.
“For the same reasons given for the reversal of Point II, we must also reverse as to Point III.
“Our examination of the record fails to disclose evidence on the basis of which the Judge arrived at the amount, and the reasonableness of the same, which he awarded for attendant services, therefore, we must reverse and remand as to Point IV.
“With respect to Point V, we are of the opinion that there is not sufficient evidence in the record which accords with logic and reason to show that the Appel-lee has an acceptable or reasonable plan for the management of the lump sum ordered by the Judge. Since there is no showing of a change of condition or a mistake of fact, we are unable to agree that the Appellee is in any better condition from a mental or emotional standpoint than he was when a prior petition for lump sum settlement was denied. We find nothing in the record to show the required details of a plan for the use of the money awarded. The effect of the award, if complied with, could be grossly unfair to the employer/carrier within the meaning of the rules laid down in the case of Sullivan v. Commissioner of Agriculture, 4 FCR 384, cert, den. w/o op., 133 So.2d 647 (Fla. 1961).
“With respect to Point VI, we do not think that the evidence in the record justifies the conclusion that the payment of the lump sum as ordered would be in the best interest of the Appellee, in view of the abovenoted lack of a reasonable plan for the handling of said lump sum.”
The JIC in his order not only delineated at great length the basis for his findings on each of said items, which he allowed claimant but he also gave his reasons for allowing the petition for modification sub judice. I quote the following excerpts from his order:
“Initially, the undersigned Judge of Industrial Claims finds that by whatever vehicle, Petition to Modify or a new claim, claimant’s request for benefits is properly before this Court for determination. This issue of exactly what is a proper vehicle to use in having a claim considered after an Order is previously entered in a workmen’s compensation case seems to be cloaked in an air of confusion even in the case law applicable to Chapter 440 of the Florida Statutes, some cases implying that a Petition for Modification is the only recourse after the entry of an Order, but other cases stating that certain benefits may be the subject of a new claim, even after the entry of a prior order. Therefore, removing this technicality at the outset, I find that claimant’s claim for various benefits is properly before this Court, timely filed, and that employer/carrier’s Motion to Dismiss the Petition for Modification should be denied.
“The undersigned further finds that employer/carrier’s Motion to Dismiss claimant’s Petition for Lump Sum Award should be denied, finding that the principals [sic] of res judicata and/or estoppel by judgment do not apply herein. The prior Petition for Lump Sum Award was denied herein by my prior Order, dated March 27, 1971. However, *490 the fact that such a Petition was denied at that time as being inappropriate or unwarranted, does not forbid this particular issue from being subsequently considered, either by the vehicle of a Petition to Modify or in effect a new claim. Certainly this issue, like many other issues or benefits under the Workmen’s Compensation Act, may be considered from time to time, within any limitations provisions, and the fact that they are denied on one or more occasions would not prevent them from being considered on subsequent occasions should a change in circumstances dictate.. Therefore employer/carrier’s Motion to Dismiss claimant’s Petition for Lump Sum Award should be denied.
******
“In the case at bar, I not only feel that this lump sum payment is in the best interests of the claimant, but I feel that it is absolutely essential for his rehabilitation, and in fact, his entire physical and emotional preservation and well-being. The claimant has testified as to his plans for the prospective use of any lump sum award, to become self-employed in the building and construction business, with which he is so completely and thoroughly familiar. He has already renewed his general contractor’s license and obtained the necessary bond on said license. The undersigned recognizes that the economic plans formulated by the claimant may not be as thorough or detailed or precise as required by case law previously going to this issue, despite the fact that these plans appear to be relatively well formulated and definite in the claimant’s mind. However, I cannot overly stress my findings that this lump sum award is necessary and essential to the claimant’s rehabilitation, and physical, mental and emotional stability and well-being.
“This file reflects a disastrous case, not only of an extremely severe traumatic injury to the claimant’s person, but the subsequent dependence by the claimant upon both drugs and alcohol. The claimant has become relatively self-sufficient in his disabled condition, and has, by what I believe to be reflected in the file as a combination of medical treatment, intestinal fortitude and personal determination, overcome any dependency upon either drugs or alcohol. He has responded favorably to psychiatric treatment to enable him to accept his present disabled condition, and has valiantly struggled to cope with the mental or nervous disorder which has recently befallen his wife (this, according to the medical experts, being her reaction to this workmen’s compensation accident and the claimant’s injury).”
The JIC said further:
“Therefore, I feel that the judicial discretion provided for in Florida Statute 440.20(10) and Rule 16(d) (e) of the Rules promulgated by the Florida Department of Commerce, dictates this award of lump sum benefits, that a lump sum award is not only in the claimant’s ‘best interests’ but is absolutely mandatory if this claimant is to continue with his rehabilitation and maintain his physical, mental, emotional and familial stability, and if this award is not made, we are going to witness the rehabilitative and emotional destruction of this claimant, along with the nervous or mental disorder that has already occurred in his wife, which her psychiatrist attributes to this industrial accident. Concomitantly, I am award that most of the recent controversy and aggravation has a reason other than the actual compensation, which would not be settled by this Order. Nonetheless, I feel that, even if those aggravations or controversies should continue herein, that the claimant would be in a much better position to confront those issues in the position of this financial security or independence that the lump sum award would bring.”
Reference to the transcript of evidence discloses an abundance of evidence was introduced to support the petition for modification and each item enumerated above.
*491 It appears clear to me that the JIC was within his authority to grant the petition for modification under authority of the Workmen’s Compensation Act. The holding in Sheets v. City of Miami (Fla.App.1959), 111 So.2d 690, is hy no means absolute in precedential operation to the point of precluding the JIC in this case from granting the petition. In fact, that case states, as do several later ones, that under two specific headings, (1) change in condition and (2) mistake in determination, a petition for modification may be entertained.
I find the JIC had ample authority for his granting the lump sum award and the attendant care. I fail to see on what rational basis the Industrial Relations Commission as a matter of law cán substitute its findings for those of the JIC. Of course the power to grant such petitions should be sparingly exercised and only when there is obvious necessity. However, the granting of a lump sum award is not restricted to the rules generally applicable where modification is sought for change in physical condition.
Res adjudicata has no place in the light of the JIC’s findings of the changed needs of claimant. A lump sum award to equal the value of all future payments of compensation may be ordered by the JIC pursuant to the authority of Section 440.20(1), F.S.1971, F.S.A. Sullivan v. Mayo (Fla. App.1958), 106 So.2d 4.
The Workmen’s Compensation Act does not restrict a JIC’s consideration of a change of condition merely to the physical condition of claimant. There may be a need for lump sum award for the economic advantage of claimant and his family due to new circumstances and business opportunities available to him. His physical condition has not changed but there has been a change in his attendant care situation over which he has no control that logically and reasonably requires modification.
No rigid doctrinaire legalistic disposition of workmen’s compensation cases is envisioned by the Act. The discretion and latitude entrusted the JIC to make reasonable and timely modifications for the proper care and rehabilitation of injured claimants is not to be subverted by analogy to the civil law rules of res adjudicata and limitations. A workman surrenders his rights of civil action for personal injuries under assurance that through the reasonable administration of the Act he will receive in lieu protection necessary for his basic needs.
The double amputee here, a very singular case, had good reason to believe, as did the JIC, that his current needs for a lump sum award and changed attendant care under the commonsense language of the Workmen’s Compensation Act would be provided. There is nothing in the Act to justify a contrary conclusion.
CARLTON, C. J., and McCAIN, J., concur.