SMITH, Judge.
We reverse the order awarding only $1250.00 to claimant’s attorney for his services rendered in obtaining a stipulated wash-out settlement of the claimant’s future compensation and medical benefits for the sum of $75,000.
Claimant’s attorney argues, and we agree, that the deputy commissioner was not at liberty to disregard the attorney’s services in representing the claimant in arriving at, negotiating with the carrier, ultimately agreeing upon, and securing the approval of the settlement by the deputy commissioner. That the deputy commissioner did ignore the attorney’s time, effort and beneficial results secured by claimant’s attorney is clear from the orders entered. The initial order, dated January 4, 1984 stated, in part, that other than benefits obtained pursuant to claims requesting reimbursement for mileage and certain medical expenses, “it has not been demonstrated to the undersigned that Claimant’s attorney has obtained any benefits not voluntarily paid either to Claimant or in behalf of Claimant by the Employer/Carrier.” In ruling on claimant’s attorney’s motion to vacate that order, the deputy commissioner again refused to consider the claimant’s attorney’s services in connection with the wash-out, and to clarify his refusal, amended the January 4, 1984 order by adding an additional paragraph, stating:
9. The undersigned is of the opinion that under the circumstances of this *813 case, there is no binding authority for the undersigned to award claimant’s attorney an attorney’s fee from the employer/carrier based upon the agreement between the employer/carrier and claimant and the claimant’s attorney that claimant’s attorney was to be paid an attorney’s fee from the employer/carrier for his services in negotiating and obtaining a wash-out settlement for claimant. See Sullivan v. Mayo, 3 FCR 165. Therefore as to the fee awarded herein, no consideration has been given to claimant’s attorney’s services in obtaining the wash-out amount or in the time he may have spent in that endeavor.
The deputy commissioner misconceived his role in ruling upon the fee to be received by claimant’s attorney. The attorney’s entitlement to reasonable attorney’s fees payable by the carrier for his services in connection with the wash-out settlement became vested when the deputy commissioner approved the stipulated settlement. The agreement for attorney’s fees, which was incorporated in the joint petition for approval of the stipulation and settlement, provided:
8. The claimant has been represented by Thomas W. Davis, Esquire, and the parties agree that Mr. Davis is due a reasonable fee for his services. The amount of the fee is to be determined by the Deputy Commissioner if the parties are unable to agree upon a fee. The Deputy Commissioner may take into consideration Affidavits to be filed and all other relevant factors in determining a reasonable fee to be paid to Mr. Davis by the Carrier.
We cannot agree that in devoting the necessary time to the investigation and analysis of a case, and in undertaking the responsibility of advising a claimant in connection with the securing and acceptance of a wash-out settlement, a claimant’s attorney performs no legal services worthy of remuneration. Neither do we find applicable Sullivan v. Mayo, 106 So.2d 4 (Fla. 1st DCA 1958), a case dealing with the statutory obligation of the carrier under Section 440.34, Florida Statutes (1957) to pay claimant’s attorney’s fees in a lump sum settlement proceeding. The issue before the deputy commissioner here was not whether the law imposed a legal obligation upon the E/C to pay claimant’s attorney’s fees. The legal obligation to pay such fees had already been settled, as a contractual matter, by the execution of the joint stipulation and petition for settlement. The approval of this settlement agreement, including the obligation to pay attorney’s fees, is uncon-troverted. The only issue remaining for the deputy commissioner was to determine the amount of the fee to be awarded to claimant’s attorney. The position of the deputy commissioner was no different than in any other legal proceeding in which the parties agree upon liability for attorney’s fees, leaving the amount to be determined by the court if not otherwise agreed upon between them.
Although the error apparent on the face of the orders entered by the deputy commissioner alone warrants reversal, one additional aspect of the case merits consideration. The order approving the settlement was entered November 8, 1983. The E/C, without waiting for claimant’s attorney to submit a statement or affidavit pertaining to his services rendered, filed an affidavit made by an attorney who stated that he had “reviewed correspondence from the Carrier relative to the participation by Mr. Davis in the settlement of the case and in representing Mr. Crawford_” This affidavit, dated November 18, 1983, was premature. It did not and could not have taken into consideration the statements of fact relative to services rendered by the claimant’s attorney as contained in his affidavit, which was subsequently executed on November 28, 1983, and filed with the deputy commissioner. Examination of the carrier’s file no doubt would be adequate to apprise an attorney of certain essentials regarding the case; nevertheless, we are persuaded that review of the carrier’s file alone cannot be determinative of the extent of the legal services rendered by the claimant’s attorney.
*814 Accordingly, the amended order of February 2, 1984, is reversed insofar as the amount of attorney’s fees payable by the carrier to claimant’s attorney is fixed at $1,250.00, and the cause is remanded for the award of a reasonable attorney’s fee consistent with the mandates of this opinion.
BOOTH, J., concurs.
THOMPSON, J., dissents with written opinion.