SHIVERS, Senior Judge.
The employer and earner appeal a workers’ compensation order granting the claimant’s request for authorization of alternative and additional medically necessary remedial care. The Appellants urge that section 440.13(5), Florida Statutes (Supp.1994) operates to preclude the authorization awarded. In light of this court’s previous ruling that section 440.13(5) departed from prior law as a matter of substance, we affirm.
The parties have stipulated to the facts necessary to resolve the issues raised in this appeal. As reflected in the order of the Judge of Compensation Claims (JCC), the pertinent facts are as follows:
[[Image here]]
d.) Th[e] accident has been accepted as compensable by the employer/carrier and the parties agree that the accident occurred on November 22, 1990, and that there was an employer/employee relationship between the claimant and this employer, and that notice of this accident was timely given.
e. This is a claim for medical benefits only, that being whether the employee/claimant is entitled to authorization of alternative and additional medically necessary remedial orthopedic and podiatrical care.
[[Image here]]
1. The employer/carrier authorized care for the claimant by podiatrist Dean Dorfiman, D.P.M., on or before December 5, 1990, and care by orthopedic surgeon Marc Bergman, M.D., on or before November 19,1991.
2. On February 21, 1994, claimant requested another orthopedic surgeon to treat her foot injury.
3. On March 2, 1994, the employer/carrier authorized John Bodden, M.D., or Gary Krulik, M.D., as orthopedic doctors to treat the foot. These doctors were authorized with the understanding that a choice of either constituted claimant’s election of her one IME physician permitted under section 440.13(5), Fla.Stat. (1994).
4. Claimant returned to Dr. Bergman without prejudice and without waiving her right to seek additional medical orthopedic opinions.
5. On June 10, 1994, claimant requested the names of three podiatrists.
*147 6. On June 14, 1994, the employer/carrier offered James Clancy, D.P.M., or Steven Jaffe, D.P.M., podiatrists, with the understanding that claimant’s choice would constitute her selection of an IME physician under section 440.13(5) Fla.Stat. (1994).
On the date of this last offer the claimant filed a “Motion For Medical Treatment” with the Office of the Judge of Compensation Claims seeking judicial determination concerning the requested authorization of alternative orthopedic and podiatrie care. Following a hearing on the matter, the JCC rendered an order granting “[t]he claimant’s request for authorization of alternative and additional medically necessary remedial orthopedic care and podiatrical care under section 440.13, Fla.Stat. (as amended, 1994).” On that basis, the JCC found that the claimant was entitled to a reasonable attorney’s fee. This appeal timely followed.
This court has previously held that section 440.13(5) departed from prior law as a matter of substance “insofar as it alters the parties’ obligation to pay for the claimant’s independent medical examination.” Southern Bakeries v. Cooper, 659 So.2d 339, 341 (Fla. 1st DCA 1995). Although the issue raised in Southern Bakeries was whether section 440.13(5)(e), Florida Statutes (Supp. 1994) operated to exclude certain medical testimony, the court resolved that issue on the basis of its determination that the issue presented depended on “a new independent medical examination process under section 440.13(5), which alters the parties’ substantive rights.” 659 So.2d at 339. In this case, we hold that the fundamental holding of Southern Bakeries determines the issue in that the new process created in section 440.13(5) “broadly address[es] the parties’ general rights to independent medical examinations” as a matter of substance.[1] Since, as the parties have stipulated, the claimant was injured before the amended act became effective, section 440.13(5), Florida Statutes (Supp.1994) does not apply to this ease. See Sullivan v. Mayo, 121 So.2d 424 (Fla.1960).
In this case, the claimant followed the settled procedure where alternative care has been offered but the parties cannot agree on a treating physician: she sought judicial determination of the matter. See Colace v. Hamlet Estates, Ltd., 573 So.2d 994, 997 (Fla. 1st DCA 1991), and the cases cited therein. The question presented to the JCC was whether the treatment sought is reasonable and necessary. Although the JCC based the award upon a determination that section 440.13 applies retroactively but does not limit the number of treating physicians, we affirm the order on the basis that the record supports a finding that alternative care is reasonable and necessary. The Appellants’ attempt before the trial court improperly to stretch the amended act beyond its express provisions may have colored the terms of the order. Nonetheless, while we affirm the ultimate determination, we do so on a basis other than that expressed by the JCC.
Accordingly, the JCC properly found entitlement to a reasonable attorney’s fee and taxable costs. We therefore reject without further discussion the challenge to that portion of the order.
The order is AFFIRMED.
BARFIELD and KAHN, JJ., concur.

. 659 So.2d at 340. "[W]hile the independent medical examination process trader section 440.13(5) may have some procedural aspects, it also effects a change in the parties' substantive rights." Id.