124 So.2d 3 (1960)
CARILLON HOTEL and Iowa Home Mutual Casualty Company, Petitioners,
v.
Carlos RODRIGUEZ and Florida Industrial Commission, Respondents.
Supreme Court of Florida.
October 21, 1960.
Rehearing Denied November 9, 1960.
*4 Blackwell, Walker & Gray and Howard E. Barwick, Miami, for petitioners.
Donald F. Frost and Edward Schroll, Miami, for Carlos Rodriguez.
Burnis T. Coleman and Paul E. Speh, Tallahassee, for Florida Industrial Commission.
DREW, Justice.
By petition for certiorari the petitioners Carillon Hotel and Iowa Home Mutual Casualty Company, seek to review an order of the Florida Industrial Commission affirming an order of the deputy commissioner awarding the claimant workmen's compensation benefits and ordering the employer and carrier to pay claimant's attorney a fee of $250.
While the petition prays for quashal of the order of the deputy with reference to an increase in the compensation rate by said order; the finding in the order with reference to the disability to the right arm of the claimant; the finding with regard to the award of an attorney's fee, these matters were not all before the full commission on review. The application for review of the employer and carrier to the full commission contains the following grounds:
"1. That the Deputy Commissioner erred in awarding the claimant's attorney an attorney's fee in the amount of $250.00 and such an award was an abuse of the Deputy Commissioner's discretion and that the same was greatly excessive and not supported by the findings, law or the evidence in this case.
"2. The Deputy Commissioner erred in awarding any attorney's fee to claimant's attorney as the claimant's attorney secured no benefits for the claimant within contemplation of the Florida Workmen's Compensation law."
It was upon the basis of these grounds that the full commission in its order dated April 4, 1960 stated,
"The only issue raised by the employer and carrier in its application for *5 review is the propriety of the award of attorney's fees."
The statute[1] is very clear on the point:
"* * * The application must state concisely and particularly the grounds upon which the appellant relies, and the consideration of the commission thereof will be confined solely to the grounds so presented * * *."
It has long been the rule that, in the absence of some good excuse, this Court is not required to determine points not raised and determined in the court below.[2] The following chronology will further serve to illustrate the finality of the deputy commissioner's order in all other respects insofar as bringing before the reviewing authorities other aspects of this claim since the review would be barred by the appropriate statutory time limitations:[3]

September 28, 1959: Deputy Commissioner's Order entered.
October 7, 1959: Carrier's application for review filed with the full
 commission attacking award of attorney's fees only.
April 4, 1960: Order of the full commission entered.
June 3, 1960: Petition for writ of certiorari filed.

Claimant Carlos Rodriguez, a non-English speaking pot washer of the Carillon Hotel, sustained a compensable accident on November 29, 1958 when a bag of flour fell on his right arm, causing injury to said arm. He was seen by a physician obtained by his employer but was sent back to work within a few days by said physician. He returned to work on December 4, 1958 and worked until February 3, 1959. The *6 carrier was notified of the disability on February 4, 1959. The employee obtained medical aid through the Hotel Employees Medical Plan and was treated by their suggested doctor from February 3, 1959 until February 17, 1959. The carrier sent the doctor a report to complete which was received by the carrier on February 26, 1959. This was 22 days after the disability arose during which time the employee had not been able to work, nor had he received any compensation from the carrier.
Claimant sought the services of an attorney who filed with the commission a claim for compensation on February 25, 1959. On February 26, 1959 the carrier issued its check for compensation up to February 16, 1959. The carrier did not make a payment of compensation again until March 9, 1959. Subsequent to this time payments were made also, some so delinquent that a penalty was called for plus interest. There is no evidence in the record to show the exact date the payments were received by the claimant so it is not known the exact date the check of February 26, 1959 arrived in the claimant's hands.
The carrier based its declination to pay the claim beyond February 16, 1959 on the following information contained in an excerpt from a letter, dated February 26, 1959, addressed to the claimant's attorney:
"* * * We were not able to pay the compensation beyond February 16, inasmuch as Dr. Honigsberg advises that the claimant was last seen on that date and failed to keep his February 18th appointment, nor have they heard from him since February 16th to date. We are writing to inquire if Mr. Rodriguez has obtained other medical treatment and his current disability status so that we may proceed with payment, if such is in order."
The record shows the claimant was continuously disabled on a temporary total basis to June 3, 1959. Payments for such disability were made after the entry of the attorney into the case.
We now come to the sole issue, i.e. the correctness of the award of attorney's fees under Florida Statute Section 440.34, F.S.A.[4] The findings of fact of the deputy commissioner in his order reveal the following:
"* * * 3. That the carrier herein furnished immediate medical treatment, *7 but the claimant through his attorney gained further medical care and treatment.
* * * * * *
"7. Claimant was represented by his attorney, Donald F. Frost, and $250.00 is a reasonable fee for valuable services performed by said attorney for the claimant, and the undersigned deputy commissioner resolves all questions of fact in claimant's behalf, realizing a conflict in personalities took place between the carrier's representative and attorney for the claimant."
The full commission, in affirming the award of the deputy commissioner used the following language:
"* * * We think the test, then, is that if the employer has notice of the employee's disability resulting from a compensable injury and workmen's compensation benefits are not furnished within 21 days following the date of such notice of disability as a result of the injury, and claimant, during this period, hires an attorney to prosecute his claim, that the employer and carrier is liable for an attorney's fee as failure to pay within 21 days is tantamount to declining to pay." (Emphasis ours.)
It pointed out that the employer-carrier strongly urged the case of A.B. Taff & Sons v. Clark, Fla.App. 1959, 110 So.2d 428, as the controlling case insofar as the delineation of the law on the instant question. The full commission, however, was reluctant to accept this opinion as controlling and stated:
"* * * In the Taff case, we do not think the Court intended that in every case of an injury to the employee that the employee must file a claim and until such claim is filed, the employer and carrier need not pay benefits and that they have 21 days following the date of the filing of the claim in which to pay the benefits to the injured employee."
The full commission erred in this regard. We prescribe the law to be that in the Taff case insofar as it relates to the necessity of filing a written claim with the commission before the appropriate portion of Section 440.34, Florida Statutes, F.S.A., may be invoked.[5] In the instant case, the claim having been filed on February 26, 1959 and the payment by the carrier having been made the day following, clearly would indicate the award of attorney's fees was unjustified. In sum, we repeat, notice of injury or injury alone under Section 440.34, *8 Florida Statutes, F.S.A., is not sufficient or equivalent to actually filing a written "claim".[6] If the claim is paid within twenty-one days after the claim is filed in writing with the commission by the claimant or his attorney, regardless of form, an award of attorney's fees is not justified. That portion of the order of the full commission upholding the award of the deputy commissioner awarding attorney's fees must be and hereby is quashed.
THOMAS, C.J., and ROBERTS, THORNAL and O'CONNELL, JJ., concur.

On Petition for Rehearing
PER CURIAM.
By his petition for rehearing, respondent Carlos Rodriguez suggests inter alia that this Court overlooked that portion of the opinion of the case of A.B. Taff & Sons v. Clark, Fla.App., 110 So.2d 428, 433, as follows:
"* * * It seems clear that if the employer simply refuses to recognize the injury as compensable and thus forces the employee to file a claim for compensation, the statute nevertheless permits the employer to pay the base amount of the claim within 21 days after it is filed and thereby avoid liability to pay any fee for employee's attorney. Common sense dictates and the language employed in the statute clearly confirms that no such illogical result was ever contemplated by the legislature." (Emphasis supplied.)
We construe the italicized words in the last sentence of the above-quoted paragraph to refer to the portion of the paragraph preceding it reading as follows:
"The temporary furnishing of disability benefits on a voluntary basis does not provide the basis for indefinite future benefits or excuse the employee from the statutory requirement that he file a claim within the statutory period if he seeks benefits other than those voluntarily provided. If a contrary rule should prevail there would be no incentive for the employer to provide benefits to the employee until after `claim' is filed with the Florida Industrial Commission, no matter how meritorious and clear the employee's right to the benefit may appear. This would be so because no matter how firmly he might believe that he had fully complied with his obligations under the law, he could not thereafter terminate the benefits without exposing himself to the imposition of attorney's fees in the event a claim is filed within two years after such termination."
Petition for rehearing denied.
THOMAS, C.J., and ROBERTS, DREW, THORNAL and O'CONNELL, JJ., concur.
NOTES
[1] Section 440.25, Florida Statutes, F.S.A.
[2] St. Johns River Shipbuilding Co. v. Wells, 1945, 156 Fla. 67, 22 So.2d 632, at page 637.
[3] Section 440.25(4) (a):

"(4) (a) The compensation order rendered by the deputy commissioner shall become final twenty days after the date copies of same are mailed to the parties at the last known address of each, unless within said time any interested party shall make and file with the commission or a deputy commissioner an application for a review thereof by the full commission in accordance with the provisions of this Subsection; provided, however, that an employer who has not secured the payment of compensation under this chapter in compliance with § 440.38 shall, as a condition of filing such application for a review by the full commission, file with his application for review a good and sufficient bond, as provided in § 59.13 of chapter 59, conditioned to pay the amount of the award, interests and costs payable under the terms of the order of the full commission, if the application shall be dismissed or the order thereon shall affirm or make an award of benefits in any amount, and upon failure of such employer to file such bond with his application for review the commission shall dismiss the application for review. The application must state concisely and particularly the grounds upon which the appellant relies, and the consideration of the commission thereof will be confined solely to the grounds so presented. A copy of all applications for review shall be served on all interested parties, and proof of service thereof shall accompany all applications when filed."
Section 440.27(1):
"(1) Orders of the full commission entered pursuant to § 440.25 shall be subject to review only by petition for writ of certiorari to the supreme court. The petition shall be filed in accordance with rules of procedure prescribed by the supreme court of Florida for review of such orders. The Florida industrial commission shall be made a party respondent to every such proceeding."
Florida Appellate Rules, Rule 4.5, subd. c (1), 31 F.S.A.:
"(1) Petition to Be Supported by Transcript and Brief. Application for writ of certiorari shall be by petition filed in the Court within 60 days from the rendition of the decision, order, judgment or decree sought to be reviewed. Unless otherwise ordered by the Court, it shall be accompanied by a certified transcript of the record of the proceedings the petitioner seeks to have reviewed or so much thereof as is essential. Unless shown by the respondent or his attorney to be necessary, no other record shall be required. The petition shall contain a concise statement of the cause and the reasons relied on for granting the writ. It shall be accompanied by a supporting brief prepared as provided by Rule 3.7."
[4] "440.34 Attorney's fees; costs; penalty for violations

"(1) If the employer or carrier shall file notice of controversy as provided in § 440.20 * * *, or shall decline to pay a claim on or before the twenty-first day after they have notice of same, or shall otherwise resist unsuccessfully the payment of compensation, and the injured person shall have employed an attorney at law in the successful prosecution of his claim, there shall, in addition to the award for compensation be awarded reasonable attorneys fee, to be approved by the commission which may be paid direct to the attorney for the claimant in a lump sum. If any proceedings are had for review of any claim, award or compensation order before any court, the court may allow or increase the attorney's fees, in its discretion, which fees shall be in addition to the compensation paid the claimant, and shall be paid as the court may direct.
"(2) There shall be further assessed against such employer or carrier, as costs in said claim, such fees and mileages for witnesses attending the hearing at the instance of claimant, as would be allowed such witnesses in cases at law.
"(3) Any person (a) who receives any fees, other consideration, or any gratuity on account of services so rendered, unless such consideration or gratuity is approved by the commission or such court, or (b) who makes it a business to solicit employment for a lawyer or for himself in respect of any claim or award for compensation, shall be guilty of a misdemeanor, and upon conviction thereof, shall, for each offense, be punished by a fine of not more than five hundred dollars or by imprisonment not to exceed one year, or by both such fine and imprisonment."
[5] "It is provided by Section 440.19(1) (a), supra, that the two-year period during which a `claim' may be filed does not commence to run in those cases where voluntary payment of compensation is made or remedial treatment furnished until the date of the last payment of compensation or the date of the last remedial treatment. Considering this provision in the light of its application to Section 440.34(1), it is clear that no attorney's fee is payable by the employer or its carrier in the case on review because by the latter section the obligation of the employer to pay for the services of the employee's attorney is limited to those instances where the employer or carrier (1) shall file notice of controversy, or (2) shall decline to pay a claim on or before the twenty-first day after they have notice of same, or (3) shall otherwise resist unsuccessfully the payment of compensation.

"The temporary furnishing of disability benefits on a voluntary basis does not provide the basis for indefinite future benefits or excuse the employee from the statutory requirement that he file a claim within the statutory period if he seeks benefits other than those voluntarily provided. * * *" At pages 432-433.
"* * * We take notice of the fact that despite the provision of the statute regarding the content of a claim for compensation under the Workmen's Compensation Law, in actual practice a simple letter to the commission advising of claimant's belief that he is entitled to compensation is treated as a claim and activates the processing of the matter as such. Under the applicable law no attorney's fee is assertable against the employer for the performance of the simple act of filing a claim by the employee."
[6] The distinction between the types of notice is made crystal clear in the reasoning of the Taff case in the following portion of that opinion:

"The respondent insists, in effect, that the written `notice' required by Section 440.18, supra, is the equivalent of the written `claim' required by and referred to in the other above-quoted sections of Chapter 440 and, a fortiori, that actual notice of injury, as existed here, is the equivalent of actually filing a written `claim' as contemplated by Section 440.19 (1) (c), supra. We are unable to accept that argument which neither dispels the clear language of the statutes nor provides a logical explanation for the substantial duplication of the data which Section 440.18(2) requires the employee to furnish in the `notice' of injury with that which Section 440.19(1) (c) requires him to furnish if and when he files a `claim' for compensation. The distinction between the notice and the claim under these separate sections is recognized as having an important practical effect in administering the Workmen's Compensation Law."