DREW, Justice.
By this petition for certiorari petitioners, Comfort Springs of Florida and American Fidelity and Casualty Company, seek to have reviewed an order of the full commission dated April 18, 1960 which sustained an order of the deputy commissioner awarding attorney’s fees, interest and costs in the instant proceeding. The petition is *575 presented under and pursuant to Article V, Section 4, of the Florida Constitution, F.S.A., and Rules 4.1 and 4.5, subd. c of the Florida Appellate Rules, 31 F.S.A.
The facts pertaining to the accident were succinctly stated by the full commission:
“It appears that there is no dispute that the injury sustained by claimant is compensable and that it occasioned an 80 per cent loss of vision of the right eye, thus, under the Workmen’s Compensation Act would entitle him to compensation for loss of total vision.
“Apparently, all compensation for temporary total disability has been paid by the carrier. On October 24, 1958, an operation was performed on the eye and the doctor stated that it would be approximately six months before claimant would reach maximum medical improvement following the operation, which would be April 24, 1959. A claim for compensation was filed, by claimant’s attorney on June 4, 1959, and promptly thereafter carrier commenced payments of compensation for the permanent disability to the eye.
% ‡ ‡
“Primarily, the only issue with which we are concerned on this review is whether or not the award of attorney’s fee by the Deputy Commissioner to claimant’s attorney is proper under the circumstances of this case.” (Italics ours.)
This case is clearly within the rule laid down by this Court in the case of Carillon Hotel v. Carlos Rodriguez, 124 So.2d 3, 7, wherein we held:
“ * * * In sum, we repeat, notice of injury or injury alone under Section 440.34, Florida Statutes, F.S.A., is not sufficient or equivalent to actually filing a written ‘claim’. If the claim is paid within twenty-one days after the claim is filed in writing with the commission by the claimant or his:. attorney, regardless of form, an award of attorney’s fees is. not justified.”
In the instant case no claim was filed with the commission until June 4, 1959 by the attorney for the claimant. Compensation was paid on June 10, 1959, six days later and well within the twenty-one day limitation. That portion of the order of the full commission affirming the award of attorney’s fees by the deputy commissioner is quashed with directions to enter an order vacating the order of the Deputy Commissioner insofar as the award of attorney’s fee is concerned.
THOMAS, C. J., and TERRELL, HOB-SON and O’CONNELL, JJ., concur.