DREW, Justice.
An award of 15% permanent partial disability compensation has been granted by the deputy in this proceeding and affirmed by the full commission. The employer and carrier, in their petition for review by cer-tiorari, contend that there is no -competent substantial evidence of diminished earning capacity to sustain the award, and that the deputy erred in rejecting evidence of earnings of another employee under F.S. § 440.-14, F.S.A.,[1] and computing claimant’s wages instead at the rate of her actual earnings for less than the requisite 13-week period.
We conclude that the commission properly affirmed the finding that “based upon all the evidence and testimony presented in this cause, and upon the claimant’s industrial experience, her age, her physical condition, and her education [claimant] has a fifteen per cent permanent partial disability of the body as a whole, based on loss of wage earning capacity, as a result of her industrial accident of October 8, 1960.” A resumé of this evidence, fully detailed in the deputy’s order, would in the circumstances of this case serve no useful purpose.
Upon the record before us, the alleged misapplication of the formulas prescribed by Sec. 440.14, supra, cannot in our opinion be properly argued at this point. “The statute is very clear on the point: ‘ * * * the application must state concisely and particularly the grounds upon which the appellant relies, and the consideration of the commission thereof will be confined solely to the grounds so presented.’ ” [2] Other than assertions as to lack of evidentiary support for the award of compensation and attorneys’ fees, the application for review filed with the commission in this case contains only the general allegation that “the compensation order is contrary to the law, contrary to the evidence and contrary to both the law and the evidence.” This, we believe, is patently inadequate to present the point now urged. The commission’s order contains no such reference and does not upon this record imply any consideration or disposition of the question so as to authorize review by certiorari in this Court.
Certiorari denied.
ROBERTS, C. J., O’CONNELL and CALDWELL, JJ., and WILLIS, Circuit Judge, concur.

. “440.14 Determination of pay. ⅜ ⅜ ⅜
“(2) If the injured employee shall not have worked in such employment during substantially the whole of thirteen weeks immediately preceding the injury, the wages of a similar employee in the same employment who has worked substantially the whole of such thirteen weeks shall be used in making the determination under the preceding paragraph.
“(3) If either of the foregoing methods cannot reasonably and fairly be applied the full-time weekly wages of the injured employee shall be used, except as otherwise provided in subsections (4) and (5) of this section.”

. Carillon Hotel v. Rodriguez, Fla.1960, 124 So.2d 3, quoting F.S. § 440.25, F.S.A