SUNDBERG, Justice.
By petition for writ of certiorari we are asked to review an order of the Industrial Relations Commission (IRC) affirming an order of the Judge of Industrial Claims (JIC) which held that Section 440.15(10), Florida Statutes (1975), is constitutional and its eighty percent ceiling on compensation benefits applicable to petitioner and, accordingly, reduced the weekly benefits to petitioner. In addition, the JIC declined to award attorney’s fees to petitioner’s counsel for his efforts to defeat respondents’ attempt to reduce the weekly workmen’s compensation benefits payable to petitioner. We have jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution, and Section 440.27(1), Florida Statutes (1975). In accordance with Florida Appellate Rule 3.10e, we have dispensed with oral argument. See also Florida Rule Appellate Procedure 9.320.
Petitioner sustained injury arising out of and in the course of his employment by the City of Vero Beach, respondent, on July 18, 1973. The average weekly wage of petitioner at the date of his accident was $136.80. Petitioner was adjudicated permanently and totally disabled on June 8, 1975, and the employer/carrier began paying him $80.00 per week in permanent total disability benefits.
On October 24,1975, the employer/carrier filed a Petition for Declaratory Decree and/or Approval to Reduce Weekly Compensation Benefits with the JIC, seeking to reduce petitioner’s weekly permanent total disability benefits to $38.64. Section 440.-15(10), Florida Statutes (1975), provides that a claimant is only entitled to a maximum of eighty percent of his average weekly wage in combined social security and workmen’s compensation benefits. Eighty percent of petitioner’s average weekly wage was $109.44. However, the employer/carrier alleged that petitioner was receiving $70.80 weekly in social security disability benefits which, in combination with the $80.00 workmen’s compensation benefits, *135 provided weekly benefits of $150.80. Consequently, the employer/carrier requested a ruling that petitioner was entitled to only $38.64 in weekly workmen’s compensation permanent total disability benefits, rather than $80.00 per week, in order that these benefits, combined with his social security benefits, would not exceed the eighty percent ceiling imposed by Section 440.15(10). In response, petitioner alleged that the eighty percent limitation contained in Section 440.15(10) was inapplicable because subsection (l)(e) of the enactment, which provides a five percent annual increase in workmen’s compensation benefits, applied without regard to the limitation imposed by subsection (10). Alternatively, petitioner posited that the statutory provision in issue denied him equal protection of the law in arbitrarily imposing the eighty percent ceiling on recipients of social security benefits, while failing to similarly apply to recipients of other benefits. The JIC concluded that Section 440.15(10) is constitutional and applicable to petitioner’s claim. Because petitioner’s attorney had negotiated an increase in the average weekly wage of his client from $136.80 to $162.50 prior to the JIC’s ruling, however, the maximum weekly benefits permissible under Section 440.15(10) were $130.00 rather than the previous $109.44. The JIC found that petitioner was receiving $69.23 in social security disability benefits rather than $70.80 as alleged by the employer/carrier, and $80.00 per week in permanent total disability benefits, a total of $149.23. Consequently, petitioner was determined to be entitled to only $60.77 in weekly workmen’s compensation benefits and previous benefits were reduced accordingly. The JIC declined to award attorney’s fees to petitioner’s counsel for his efforts in this case. On appeal, the IRC affirmed the order of the JIC.
We grant the petition for writ of certio-rari only with respect to the issue of attorney’s fees, finding no departure from the essential requirements of law in any other respect.
After a review of the record in this cause, we conclude that attorney’s fees should have been awarded to petitioner’s counsel. An attorney representing a claimant is entitled to a fee when he has secured additional benefits or compensation for the claimant. See Section 440.34(1), Florida Statutes (1975); Basford v. Florida Power & Light Co., 246 So.2d 1 (Fla.1971); cf. Ringling Bros. Barnum and Bailey Combined Shows v. Jones, 134 So.2d 244 (Fla.1961). Counsel for petitioner was successful in negotiating an increase in the latter’s average weekly wage from the previous $136.80 to $162.50. As a result of obtaining this increase in petitioner’s average weekly wage, his workmen’s compensation benefits were reduced to $60.77, rather than to $38.64. The net effect was a benefit to petitioner of $22.13 in weekly workmen’s compensation benefits. Consequently, petitioner’s counsel secured the monetary benefit to his client necessary to justify an award of attorney’s fees.
Accordingly, the petition for writ of cer-tiorari is granted and that part of the order of the IRC affirming denial of attorney’s fees is quashed and this cause is remanded to the IRC with directions to remand to the JIC for disposition in accordance with this opinion.
It is so ordered.
ADKINS, Acting C. J., and OVERTON, HATCHETT and ALDERMAN, JJ., concur.