377 So.2d 989 (1979)
SUE ANN'S CAPRI LOUNGE and American States Insurance Co., Appellants,
v.
George HARHALOS, Appellee.
No. QQ-44.
District Court of Appeal of Florida, First District.
November 9, 1979.
On Rehearing December 20, 1979.
Bernard J. Zimmerman of Akerman, Senterfitt & Eidson, Orlando, for appellants.
Joseph H. Williams of Troutman, Parrish & Weeks, Winter Park, for appellee.
PER CURIAM.
The employer/carrier appeals a worker's compensation order which we hereby affirm, except as to the Judge's determination of entitlement to attorney's fees. Although the employer/carrier appears to have unsuccessfully resisted the payment of compensation, § 440.34(1), Fla. Stat., forcing the claimant to file a claim, nevertheless liability for attorney's fees was avoided upon payment of the claim within 21 days of receipt of notice thereof. Carillon Hotel v. Rodriguez, 124 So.2d 3 (Fla. 1960).
Accordingly, the order is affirmed in part and reversed in part.
Application for Attorney's Fees filed by attorney for appellee is granted; said attorney is hereby allowed a fee of two hundred and fifty dollars ($250.00) for services in this Court, said fee to be paid by appellants after final disposition of this cause.
LARRY G. SMITH, Acting C.J., and SHAW and WENTWORTH, JJ., concur.

ON MOTION FOR REHEARING GRANTED
PER CURIAM.
Appellee's motion for rehearing is addressed to the opinion filed herein on November 9, 1979, reversing the award of attorney's fees and finding no entitlement. Said motion is denied insofar as it challenges the reversal of the award of attorney's fees "based on all benefits paid," by application of precedent to the effect that "if an employer refuses to recognize an injury as compensable, forcing the employee to file a claim, liability for attorney's fees is nevertheless avoided upon payment of the claim within 21 days of receipt of notice of same." Carillon Hotel, 124 So.2d 3 (Fla. 1960); see also, Americana Health Center v. Washington, IRC Order 2-3832 (June 1, 1979), citing City of Dania v. Lanken, IRC Order 2-3449 (June 12, 1978), cert denied, 367 So.2d 1125 (Fla. 1979).
*990 The motion is granted to the extent that a fee based on limited benefits should have been sustained on the record presented, and the opinion is accordingly amended to add to the first paragraph thereof the following qualification:
However, the claimant's attorney was responsible for securing an increased compensation rate, which was not accepted by the employer/carrier within the 21 day period, and is thus entitled to a fee for this benefit. § 440.34(1), Fla. Stat.
As amended, the opinion heretofore filed is affirmed and the cause remanded for further proceedings consistent herewith.
LARRY G. SMITH, SHAW and WENTWORTH, JJ., concur.