PER CURIAM.
Appellants argue that the award of attorney’s fees to appellee’s attorney was error because the claimant was accepted as permanently and totally disabled within 21 *1320 days after the claim was filed; appellants further contend that an award cannot otherwise be based upon an adjustment of the average weekly wage and compensation rate. We agree in part and remand for further proceedings.
Employee suffered a compensable accident on May 26, 1976, which was diagnosed as bilateral carpal tunnel syndrome. She returned to full-time work in August 1977, but did not actually perform much work although she received full pay. The employer was aware of her sheltered work situation. On December 6, 1977, the insurance adjuster asked to see her and offered to settle her case with a rating of 50% permanent partial disability of each arm. She was instructed to present the offer to her family and talk it over with them. Dr. Bracket’s letter of November 9, 1977, sent to the adjuster, rated Sutton 50% permanently and partially disabled each arm and translated this rating into 60% of the body as a whole. However, in a letter written December 1, 1977, clarifying the previous rating, the doctor rated Sutton in a manner consistent with the offer made by the adjuster, conspicuously omitting any reference to disability of the body as a whole. On December 8 Sutton saw an attorney and on December 9 she quit work. The attorney filed a claim for permanent total disability benefits on December 21 and after some legal correspondence, the appellants accepted Sutton as permanently and totally disabled on January 9, 1978.
First, there is no basis for the finding in the order that the evaluating physician awarded a rating of 60% of the body as a whole. Rather, the final rating was 50% permanent partial disability each arm. Considering the evidence as a whole, there appears no basis for finding that appellants wrongfully resisted payment. Secondly, the award of attorney’s fees is not based solely on whether the appellants, by unsuccessfully resisting payment, forced the employee to file a claim. Such liability is avoided upon payment of the claim within 21 days of receipt of notice thereof. Sue Ann’s Capri Lounge v. Harhalos, 377 So.2d 989 (Fla.1st DCA 1979) Case no. QQ-44, opinion filed November 9, 1979, on rehearing granted December 20, 1979; Carrillon Hotel v. Rodriguez, 124 So.2d 3 (Fla.1960). Furthermore, there was no action taken by appellants which would qualify as filing a notice of controversy. § 440.34(1), Fla.Stat. (1975). ^Accordingly, to the extent a fee award is based upon the procurement of permanent total disability benefits, it is not sustainable.
We find that the judge of industrial claims properly heard the issue concerning the computation of the average weekly wage and compensation rate since the issue was clearly raised in the pre-trial stipulations. Thus, Point II is without merit.
As urged in Point III, we find that the average weekly wage, serving as the basis for determining the compensation rate, was improperly averaged because two weeks vacation pay was counted as compensation for only one week. Additionally, as contended in Point IV, we find that the average weekly wage should be recalculated with specificity so as to facilitate review. See Vargas v. Americana of Bal Harbour, 345 So.2d 1052 (Fla.1976). From our preliminary attempts to review the computation, it appears that the method did not comply with Section 440.14, Florida Statutes (1975).
We reverse and remand for a redetermi-nation of the average weekly wage which, we add, may support an award of attorney’s fees if the compensation rate is increased over that which was timely accepted by appellants. Additional evidence may be taken, if necessary, to establish the proper average weekly wage. Reversed and remanded for proceedings consistent with this opinion.
MILLS, C. J., and McCORD, J., concur.
BOOTH, J., dissents with an opinion.