WENTWORTH, Judge.
Appellant raises three points for review in his appeal from a workers’ compensation order. One point is raised on cross-appeal. We affirm except with respect to the cross - appeal.
Appellant suffered a compensable accident on November 18, 1974, resulting in a herniated lumbar disc. The carrier made temporary total disability payments from December of 1974 until August of 1975 when appellant reached maximum medical improvement. The carrier accepted appellant’s physician’s rating of 15% permanent partial disability based on physical impairment, and paid permanent disability compensation for this disability.
A claim for compensation was filed on November 4, 1976, alleging appellant was disabled in excess of 15% of the body as a whole as the result of his loss of wage earning capacity. The claim was denied because claimant had not sufficiently recovered from a non-industrial auto accident to ascertain whether he could compete in the open labor market. That order, dated March 29, 1977, was not appealed.
On February 15, 1979, a petition for modification of the March 1977 order was filed. After a hearing the judge of industrial claims entered the order now before us, finding appellant had sustained a 15% permanent partial disability to the body as a whole and awarding compensation for that, disability together with an attorney’s fee for securing the award. The judge specifically found that appellant had not made a genuine effort to return to gainful employment and therefore denied any benefits based on diminution of wage earning capacity.
Appellant asserts error in the findings (1) that appellant did not suffer a diminution in wage earning capacity, and (2) that the cost of a certain deposition was not a reasonably taxable cost, and contends (3) that the basis for the attorney’s fee was improperly limited. On cross-appeal the employer/carrier argues that the judge of industrial claims erred in awarding any attorney’s fees.
As to the first point raised by appellant, the record contains competent substantial evidence to support the judge’s finding that appellant’s work search was inadequate. The order is accordingly affirmed as to that point.
The expense of depositions may be taxed as costs when a claim is successfully prosecuted. Section 440.30, Florida Statutes. In this case the claimant was not successful in securing an award greater than that which was voluntarily accepted by the employer/carrier, and the deposition cost was properly rejected.
We find the point raised on cross-appeal requires reversal and moots appellant’s third issue, supra. In order to justify an award of attorney’s fees under the applicable statute, counsel must secure a benefit for his client. Thomas v. City of Vero Beach, 365 So.2d 133 (Fla.1979); Section 440.34(2), Florida Statutes (1979). Here counsel failed to secure any additional benefits or compensation for the claimant. Therefore, the award of attorney’s fees was improper. The award of compensation which had been paid would appear otherwise to be harmless error.
The order is accordingly affirmed except with respect to the award of attorney’s fees. The award of attorney’s fees is reversed.
JOANOS, J., and WOODIE A. LILES (Ret.), Associate Judge, concur.