JOANOS, Judge.
In this appeal, we reverse a workers’ compensation order in which the claimant’s attorney was awarded a $12,000.00 fee.
Claimant was injured on January 10, 1975. After he reached maximum medical improvement on January 10, 1977, the employer/carrier accepted claimant as permanently totally disabled, and began paying compensation benefits at a rate of $105.00 per week. On May 13, 1977, the employer/carrier reduced the compensation rate from $105.00 to $69.65 per week because the claimant was receiving Social Security benefits. As a result of this reduction, claimant’s attorney filed an application for hearing on July 5, 1977. Seventeen days later, on July 22, 1977, the employer/carrier reinstituted the payment of compensation at the correct rate of $105.00 per week after taking the deposition of the payroll clerk at claimant’s previous place of employment.
The deputy commissioner found that the employer/carrier had arbitrarily reduced the compensation payments and that, pursuant to Section 440.34(1), Florida Statutes (1973), claimant’s attorney was entitled to a reasonable fee for securing the restoration of benefits. Additionally, the deputy commissioner found that claimant’s attorney was successful in securing an extra $5,087.58 in payments for medical expenses incurred as a result of claimant’s treatment at Duke University Medical Center. Having initially denied claimant’s request for treatment at this facility, the employer/carrier acquiesced on March 30, 1976, after claimant had filed a request for hearing on *1158 the matter on February 25, 1976. After receiving evidence on the nature of the services rendered, the deputy commissioner awarded claimant’s attorney a fee of $12,-000.00.
This Court has held that an “award of attorney’s fees is not based solely on whether the appellants, by unsuccessfully resisting payment, forced the employee to file a claim. Such liability is avoided upon payment of the claim within 21 days of receipt of notice thereof.” Coca-Cola Co. Foods Division v. Sutton, 379 So.2d 1319, 1320 (Fla. 1st DCA 1980); Sue Ann’s Capri Lounge v. Harhalos, 377 So.2d 989 (Fla. 1st DCA 1979). Here, the employer/carrier reinstituted payments at the original rate seventeen days after claimant filed his request for hearing. Claimant’s attorney is, therefore, not entitled to fees based on the increase in payments from $69.65 to $105.00 per week.
We note that this is not a case in which the employer/carrier acted in bad faith. The employer/carrier felt that it was entitled to the Social Security offset and administratively took the deduction. Upon being notified of discrepancy and after proper investigation, the employer/carrier promptly increased the benefits to the original level.
We do find, however, that claimant’s attorney is entitled to a reasonable fee for securing the benefits for treatment at Duke University. Accordingly, the cause is remanded for determination of a reasonable fee based upon the securing of those benefits.
REVERSED and REMANDED.
McCORD and SHIVERS, JJ., concur.