WIGGINTON, Judge.
Appellant, City of Miami, appeals the Deputy Commissioner’s order awarding a fee of $1,500 to claimant’s attorney for securing a lump sum advance of benefits. Appellant complains that there is no reasonable basis for the amount of the fee, that it may only be responsible for 75 percent, not 100 percent of the fee under section 440.34(1), Florida Statutes, and that there is no statutory basis for the award. We reverse, based on appellant’s final point, and therefore need not discuss the other two contentions.
On March 14, 1979, claimant suffered a compensable industrial injury, and as a result, was awarded permanent partial disability benefits of $15,925 by order dated February 4, 1982. Pursuant to section 440.34(1), Florida Statutes (Supp.1978), the deputy commissioner awarded claimant’s attorney $4,000 in fees based on the $15,-925 in benefits he secured for the claimant. On December 17, 1982, claimant’s attorney, pursuant to section 440.20(ll)(d), Florida Statutes (Supp.1978), secured for claimant $7,345 of the previously awarded amount in an advance lump sum, over the City’s resistance.
At the July 28, 1983 hearing on attorney’s fees claimed for securing the awarded amount in a lump sum, claimant’s attorney sought $1,710 based on his expertise and six hours of work. The City objected arguing that
the applicable statute in question, does not provide, does not contemplate the award of an attorney’s fee on that type of a proceeding, an advance lump sum.
We find the above-quoted record objection sufficient to preserve for review the issue of whether there is a statutory basis for the award. Although claimant’s attorney sought fees “pursuant to the statute based upon the benefits obtained,” it is unclear whether he was relying on section 440.34(1) or section 440.20. Neither statute, however, provides authority for awarding attorney’s fees for securing in lump sum form benefits previously obtained.
We agree with appellant’s reliance on Sullivan v. Mayo, 106 So.2d 4 (Fla. 1st DCA 1958) as speaking to the issue sub judice. In Sullivan, the court initially said:
In the case of a petition for lump sum payments, however, dealing only with the manner of payment as opposed to claimant’s right to compensation, the statute provides that lump sum payment shall be made “whenever the commission determines that it is for the best interests of a person entitled to compensation.” F.S. § 440.20(10), F.S.A.
106 So.2d at 6.
The court went on to conclude that F.S. § 440.34, F.S.A., relative to allowance of attorney’s fees, is by its literal terms applicable only to proceedings in which a carrier contests “payment of compensation” as opposed to manner of payment, and its rationale would not nor should it impose such additional burden upon a carrier in this proceeding.
Id., at 7; see also Ace Drywall Company v. Elkins, IRC Order 2-3508 (August 21, 1978).
There being here resistance to the lump sum method of payment, and not to payment of the compensation itself, we find no basis for an award of attorney’s fees. Ac *988 cordingly, the deputy’s order awarding fees to claimant’s attorney is reversed.
WENTWORTH and BARFIELD, JJ., concur.