ERVIN, Judge.
The employer/carrier (e/c) appeals the deputy’s order approving a partial lump sum advancement. We affirm in part and reverse in part, and remand for further proceedings.
Claimant was found permanently disabled in an earlier order entered by the deputy commissioner on September 17, 1984, and was awarded compensation of $186.16 per week. The deputy, finding no statutory basis on which to award fees against the e/c, approved as reasonable, attorney’s fees in the amount of $13,050.00, payable on the statutory percentage basis (Section 440.34(1), Florida Statutes (1981).)[1] by the claimant from his weekly compensation benefits. In arriving at the fee, the deputy considered that claimant’s counsel had obtained for claimant compensation benefits in the total amount of $376,474.19, including supplemental benefits, which the claimant would receive, reduced to present value, during the expected lifetime of claimant. The deputy also took into consideration the number of hours spent by *52 claimant’s attorney in the case (130.5), and upon finding a reasonable hourly rate to be $100, arrived at the $13,050 figure. The propriety of this award is not now before us.
Later, a hearing was held on claimant’s request for a partial lump sum advance of $160 of the $186.16 weekly payment awarded to the claimant. The lump sum, when reduced to present discounted value, totaled $143,821.95. The purposes of the lump sum advance were to pay claimant’s attorney’s fee, and, from the remainder after the deduction of the fee, to purchase a single premium immediate annuity for 20 years, which would net claimant $207.62 per week.
In authorizing the partial advance, the deputy also approved as reasonable an additional attorney fee. The amounts approved were as follows: Prom the lump sum advance of $143,821.95, fifteen percent was deducted, the amount the claimant had agreed to pay his attorney for his present services, or $21,572.29, leaving the remainder of $122,248.66. From that sum the amount previously determined to be a reasonable fee, $13,500[2] was deducted, resulting in the net amount to be advanced to claimant of $108,748.66, which would be used to purchase the annuity.
The e/c argues that the deputy erred in approving the fifteen percent amount as a reasonable attorney fee, in that he took into account for the second time the total benefits secured by the attorney after a fee had previously been approved involving the same secured benefits. Normally we would not address this issue because, notwithstanding the deputy's approval of the percentage figure as reasonable, he nonetheless retained jurisdiction to determine the amount to be awarded. That portion of the order, as it relates to attorney’s fees would therefore be considered non-final and non-appealable. See Sunny Pines Convalescent Center v. Walters, 422 So.2d 1079 (Fla. 1st DCA 1982). Because, however, the order contemplates a later proceeding for the purpose of awarding attorney’s fees, and because the total lump sum advanced to claimant would be affected by the amount of attorney’s fees which the deputy may approve, we caution the deputy that upon the entry of a future order awarding attorney fees, the order should not calculate fees based upon the same benefits formerly secured by claimant’s lawyer, on which a previous fee had been determined.
Section 440.34, Florida Statutes, requires that counsel must secure a benefit for his client before he may be awarded a fee. Fox v. Badcock Corporation, 389 So.2d 699, 700 (Fla. 1st DCA 1980). It also requires that the statutory fee formula be employed as a “starting point” before considering the Lee Engineering & Construction Co. v. Fellows, 209 So.2d 454 (Fla.1968) criteria codified in the statute. Okaloosa County Gas District v. Mandel, 394 So.2d 453, 454 (Fla. 1st DCA 1981). This was clearly done by the deputy in entering his .award of a $13,500 attorney fee, although the award as such was explicitly based upon the hours expended. In approving, although not awarding, the fifteen percent fee based upon the benefits secured, the deputy essentially reconsidered the same benefits obtained by the attorney on which he had determined the first fee award. This he may not do. In City of Miami v. Mazur, 449 So.2d 986 (Fla. 1st DCA 1984), the City resisted a request for a second award of attorney’s fees against it for services performed by claimant’s attorney in securing on claimant’s behalf a lump sum advance of a portion of the total permanent partial disability benefits that had previously been awarded claimant. This court held that the statute does not provide “authority for awarding attorney’s fees for securing in lump sum form benefits previously obtained.” 449 So.2d at 987. Although the present case involves a construction of Section 440.34(1), Florida Stat *53 utes (1981) — not Section 440.34(1), Florida Statutes (Supp.1978), which was before the court in Mazur —and applies to the claimant’s responsibility for fees, not the carrier’s, we are of the view that the Mazur rationale is applicable to the case at bar. Before granting a lump sum advance for any purpose, a deputy must be satisfied that such advance is in the claimant’s “best interests.” Section 440.20(12)(a). A portion of a lump sum advance which is used to pay an attorney’s fee for securing in lump sum form the same benefits previously obtained cannot, by itself, be said to be in the claimant’s best interests.
This is not to say that claimant’s attorney is altogether barred from seeking an additional fee from the lump sum advanced. Any such fee so approved, however, should be based upon whatever additional benefits were obtained for claimant through the attorney’s efforts after the entry of the first attorney fee award. Cf. McKinney v. Edward J. Gerrits, Inc., 433 So.2d 1255 (Fla. 1st DCA 1983). When the deputy conducts another proceeding in the case at bar for the purpose of awarding claimant’s attorney a reasonable fee, he should focus his attention upon what additional benefits were secured to claimant through the vehicle of the lump sum advance. The deputy, under the circumstances presented, has the discretion to base an attorney fee upon additional benefits obtained by the attorney for his client over the term of the annuity.
Additional benefits, secured through the intervention of the claimant’s attorney, are a well recognized basis for the award of an additional fee. Cf. Meridith Corporation v. Cooper, 418 So.2d 1157 (Fla. 1st DCA 1982). The failure of the claimant’s attorney in Mazur to demonstrate that the single lump sum advance, from benefits previously secured claimant, resulted in an additional benefit to his client precluded him from obtaining an additional fee.
The e/c also objects to the order of the deputy commissioner, requiring it to purchase a twenty-year annuity for the benefit of the claimant without naming the e/c as beneficiary, if the claimant were to die before the passage of the twenty-year term of the annuity. A similar argument was raised in Cone Brothers Contracting v. Gordon, 453 So.2d 420, 423 (Fla. 1st DCA 1984), rev. den., 461 So.2d 113 (Fla. 1985), in which this court observed that the claimant’s life expectancy was seven years longer than the mandatory life of the annuity, and that the e/c did not present any evidence to the contrary. In the instant case, the parties stipulated that the claimant’s life expectancy was twenty-nine years, nine years longer than the guaranteed life of the annuity. Although lump sum advances are not intended to be a substitute for life insurance, Court of Flags v. Outland, 382 So.2d 443, 444 (Fla. 1st DCA 1980), there is no prohibition against a lump sum advancement aiding the family of the claimant, provided that it is not the sole purpose of the advancement. Cone Brothers, 453 So.2d at 424. In the present case, the primary purpose of the advance was to enable the claimant to improve his standard of living, not to provide insurance for his family.
We have examined the remaining points urged as reversal, and find no merit in them.
Affirmed in part, reversed in part, and remanded for further proceedings.
WIGGINTON, J., and McCORD, GUYTE P., Jr. (Ret.), Associate Judge, concur.

. Claimant’s accident occurred in 1981 and the issue before us is therefore controlled by the 1981 statute.

. The deputy, in the second order, erroneously used the figure $13,500, rather than $13,050, in computing the lump sum to be advanced.