PER CURIAM.
This is an appeal of a workers’ compensation order awarding claimant a partial lump-sum advance of permanent total disability benefits, granting claimant’s request for a change in attendant care benefits, and retaining jurisdiction over attorney fees. We affirm.
There is no merit to the employer/carrier’s argument that the deputy commissioner erred in awarding claimant a partial lump-sum advance of her future permanent and total disability benefits pursuant to Section 440.20(13), Florida Statutes (1979). Record evidence shows that this award is in claimant’s best interest, will not materially prejudice the employer/carrier, and is reasonable under the circumstances. Ventura v. Palm Springs General Hospital, 463 So.2d 414 (Fla. 1st DCA 1985).
Competent, substantial evidence supports the deputy’s finding that claimant was in need of a change in attendant care benefits. This evidence shows that claimant’s family will be “on call” to provide extraordinary services for claimant. See Armador v. Parts Depot, Inc., 508. So.2d 1320 (Fla. 1st DCA 1987); Datton v. Orange County Sheriff, 503 So.2d 406 (Fla. 1st DCA 1987); and Standard Blasting and Coating v. Hayman, 476 So.2d 1385 (Fla. 1st DCA 1985). The deputy did not abuse his discretion in making a change which will save the employer/carrier approximately $94 per week.
The deputy correctly found that claimant is authorized to pay her attorney a reasonable fee for establishing her need for a partial lump-sum advance pursuant to Section 440.34(2), Florida Statutes (1979). In making this decision, the deputy properly retained jurisdiction to approve the amount of the fee at a later date. See Adelman Pipe and Steel Co. v. Vasquez, 487 So.2d 51 (Fla. 1st DCA 1986). We note that the language of the deputy’s order did not determine that claimant is entitled to attorney fees as to issues litigated which were not related to the partial lump-sum advance pursuant to Section 440.34(2), Florida Statutes (1979). Instead, the deputy properly retained jurisdiction to make this determination after a subsequent hearing on attorney fees.
We affirm the order below. On remand, the deputy shall determine the amount claimant shall pay her attorney for securing the partial lump-sum advance and whether claimant is entitled to attorney fees as to other litigated issues.
BOOTH, WIGGINTON and BARFIELD, JJ., concur.